# Exhibit 2

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

|  |  |
|---|---|
| AMERICAN MARITIME OFFICERS<br>490 L'Enfant Plaza East, S.W.<br>Suite 7208<br>Washington, D.C. 20042,<br><br>    Plaintiff,<br><br>v.<br><br>JEROME E. JOSEPH<br>9426 Turnberry Drive<br>Potomac, Maryland 20854<br><br>    Defendant. | No. 2002-CA-007178B<br>Calendar 4 - Civil<br>Senior Judge Leonard Braman |

## AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Pursuant to the Court's Order of June 27, 2005, Plaintiff American Maritime Officers ("AMO") amends its original complaint to plead that it is proceeding in a representational capacity on behalf of its members (as well as on its own behalf) as to the damages clause against Defendants. For its Amended Complaint against Defendant Jerome E. Joseph ("Joseph"), hereby complains and alleges as follows. Plaintiff brings this action for an injunction under D.C. Code § 36-402 to prevent Defendant from disclosing Plaintiff's trade secret information to one of Plaintiff's principal competitors and to recover damages for itself or, alternatively, on behalf of its members, for any misappropriation of such information.

1.   This Court has jurisdiction over this matter pursuant to D.C. Code Annotated Sections 11-921 and 36-402.

2.   Plaintiff is a maritime labor union headquartered in Dania Beach, Florida with an office located at 490 L'Enfant Plaza East, S.W., Suite 7204, Washington, D.C.

20024. AMO represents and collectively bargains on behalf of licensed officers in all sectors of the U.S.-flag merchant fleet including commercial, military support and cruise vessels, and provides assistance to AMO affiliated companies in competing for government contracts. This action is brought in a representational capacity by AMO on behalf of its members, and seeks both injunctive relief and damages for its members, as well as such relief on its own behalf.

3. Defendant is an individual who is a citizen and resident of Maryland, and who operates JEJ Consulting located at 1101 Connecticut Avenue, N.W., Suite 900, Washington D.C. 20036.

4. Defendant was employed by AMO from July 1, 1967 until December 31, 2001, and served as AMO's Executive Vice President from July 1, 1989 to December 31, 2001. Defendant also served as Chairman or Secretary of AMO's jointly administered Taft-Hartley Trusts, including the AMO Pension Plan, AMO Medical Plan, AMO Vacation Plan and AMO Safety and Education Plan, for 19 years until October 2001. In his capacity as trustee, Mr. Joseph had access to all of AMO's internal documents including competitively sensitive information regarding the funding of AMO's benefit plans, the wages and benefits paid to AMO's members, labor costs and negotiating capabilities.

5. Upon information and belief, Mr. Joseph has provided and/or continues to provide consulting services to District No. 1 of the National Maritime Engineers' Beneficial Association ("MEBA1") located at 444 North Capital Street, Suite 800, Washington, D.C. Like AMO, MEBA1 is a maritime labor union that provides licensed deck and engineering officers to its affiliated companies and provides those companies with assistance in competing for Federal contracts.

6. MEBA1 and AMO are two of only three maritime unions that compete to provide licensed officers for various government ship management companies. In addition, AMO-affiliated companies and MEBA1-affiliated companies frequently

compete against each other based in large part upon the employment and benefits terms and conditions provided by AMO and MEBA1 to their respective affiliated companies.

7. Upon information and belief, the acts sought to be enjoined have occurred or will occur at or through JEJ Consulting and MEBA1's Washington, D.C. offices.

8. By virtue of his position and many years of service at AMO, Defendant possesses a vast amount of confidential AMO trade secret information that has great competitive significance.

9. Defendant obtained AMO's trade secret information under circumstances giving rise to a duty to maintain its secrecy and to limit its use only for AMO's benefit. Defendant knows the confidential AMO trade secret information he possesses is proprietary to AMO.

10. AMO seeks to prevent disclosure by Defendant of AMO's confidential trade secret information. Given Defendant's encyclopedic knowledge of AMO's operations and bargaining position, there is a direct and immediate threat that Defendant will misappropriate AMO trade secret information through his work and consulting activities with MEBA1 during and in preparation for the upcoming bids for ship management contracts. In addition, AMO seeks damages on behalf of its members as a result of losses in wages and benefits caused by Defendant's misappropriations to date.

11. This Court has equitable powers, including the power to enter preliminary and permanent injunctions.

12. There is substantial likelihood that AMO will succeed on the merits of this matter.

13. Disclosure of AMO's confidential trade secret information to MEBA1 would give MEBA1 a significant and unfair competitive advantage over AMO and severely impair AMO's ability to compete effectively, thereby causing immediate and irreparable harm to AMO and its members, as well as damages to AMO and/or its members.

14. Any harm that might be suffered by Defendant as a result of injunctive relief entered in favor of AMO is minimal and would be greatly outweighed by the potential harm AMO and its members will suffer if Defendant is permitted to disclose AMO's confidential trade secret information to MEBA1.

15. The public interest heavily favors the issuance of injunctive relief due to the strong public interests in ensuring fair competition for government contract awards, in preventing unethical business practices, and in encouraging trust between employers and employees.

16. AMO also seeks damages in an amount to be determined at trial for any disclosure of information by Mr. Joseph to MEBA1 that already may have occurred or that may occur following the filing of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, AMO prays for the following relief:

1. That this Court enter a preliminary injunction and permanent injunction against Defendant to prevent him from providing any consulting services to MEBA1.

2. That this Court award money damages in an amount to be determined for any disclosure, including exemplary damages for any willful misappropriation of AMO's confidential business information by the Defendant to MEBA1, that has occurred or may occur after the filing of this Complaint.

3. That the Court award AMO attorney fees and the costs of this suit, and all other and further relief as is just and equitable.

Respectfully submitted,

Dated: July 1, 2005

        /s/Stephen Weissman
James F. Hibey (D.C. Bar No. 203216)
Stephen Weissman (D.C. Bar No. 451063)
Hugh B. Stuart (D.C. Bar No. 431876)
HOWREY SIMON ARNOLD & WHITE LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 783-0800

Attorneys for Plaintiff
AMERICAN MARITIME OFFICERS