# Exhibit 3

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| AMERICAN MARITIME OFFICERS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 02-CA-7178 |
| ) | Calendar 4 – Civil I |
| v. ) | Judge Herbert B. Dixon, Jr. |
| ) | Next Event: Pre-Trial Conference |
| JEROME E. JOSEPH, ) | October 6, 2004 |
| ) | |
| Defendant. ) | |

### JOINT PRE-TRIAL STATEMENT

Plaintiff American Maritime Officers ("Plaintiff" or "AMO") and defendant Jerome E. Joseph ("Defendant" or "Joseph") respectfully file this Joint Pre-Trial Statement pursuant to District of Columbia Super. Ct. Civ. R. 16(e).

**A.** **Certification of Rule 16(c) Meeting**: In accordance with Rule 16(c), the parties certify that they engaged in discussions regarding pre-trial matters, including those enumerated in Rule 16(c), on September 14 and 15, 2004.

**B.** **Parties and Counsel**: AMO is a national union representing licensed maritime officers serving on U.S.-flag merchant marine vessels. AMO is headquartered in Dania Beach, Florida. At trial, AMO will be represented by Howrey Simon Arnold & White LLP, through James F. Hibey and Stephen Weissman.

Joseph is a former Executive Vice President of AMO and former political rival of AMO President Michael McKay. Joseph is currently a maritime labor consultant providing services to the Marine Engineers' Beneficial Association (MEBA).


DEFENDANT'S EXHIBIT 3

At trial, Joseph will be represented by Bell Boyd & Lloyd PLLC, through Raymond Fay and Michael Schrier.

    **C.**    **Nature of Case:**  The parties set forth below their brief statements of the case, respectively.

    1.    *Plaintiff's Statement of Case*

Plaintiff, American Maritime Officers ("AMO"), is a national union representing licensed maritime officers that serve on merchant marine vessels operating under the U.S. flag. It alleges in this case that the defendant, Jerome Joseph ("Joseph"), was a long-time high-ranking officer and fiduciary for the members of AMO and, while at AMO, had access to confidential, competitively sensitive information that AMO utilizes and relies upon as part of its negotiation of contracts with employers for its members. AMO contends that, while serving as a fiduciary for AMO, Joseph played a leading role in developing and using AMO's "contribution rate sheet" and its underlying bidding formula, which he and AMO have used in negotiating fringe benefit levels for its members. It also claims that Joseph had direct access to, and in-depth knowledge of, non-public details regarding the financial health and funding needs of AMO members' fringe benefit Plans and the contributions payable into those Plans by employers. AMO contends that, after departing from AMO and then acting as a consultant for AMO's archrival competitor, MEBA, Joseph has, through his actions, both threatened to misappropriate and actually misappropriated this sensitive information. AMO contends that Joseph has engaged in misappropriation of its trade secrets in two ways: (1) through his unauthorized retention and possession of AMO documents embodying trade secrets after he left AMO; and (2) through his use for MEBA of AMO trade secret information during the course of his consulting activities for MEBA.

AMO seeks both injunctive relief and damages against the defendant. With respect to injunctive relief requested, AMO seeks to compel the return by Joseph of AMO documents he still has in his possession, and other injunctive relief that AMO contends is necessary to protect

the benefit levels and jobs obtainable by AMO members from the threat posed by the defendant. According to the Plaintiff, this would include, at a minimum, an injunction prohibiting the defendant from utilizing for the benefit of MEBA (or any other entity) any trade secret information he gained as an officer and fiduciary for AMO's membership. AMO also seeks damages against Joseph for his activities for MEBA to date to compensate AMO and its members who, AMO contends, were forced to accept lower benefit levels in recent contract bids as a result of the defendant's use of AMO trade secret information for MEBA.

2.   *Defendant's Statement of the Case.*

Plaintiff, American Maritime Officers ("AMO"), is a national labor union representing licensed maritime officers that serve on U.S. flagged merchant marine vessels. Defendant, Jerome E. Joseph ("Joseph") is the former Executive Vice President of AMO until December 2001. In December 2001, Joseph lost the internal union election for President of AMO to the incumbent and current AMO President, Michael McKay. After losing the election, Joseph resigned from AMO and created his own consulting company, JEJ Consulting. In April 2002, Joseph signed a consulting agreement with one of the other two maritime labor unions, the Marine Engineers' Beneficial Association ("MEBA"). In August 2002, AMO filed suit against Joseph for trade secret misappropriation.

AMO contends that Joseph has misappropriated (or used or disclosed) its alleged trade secrets, which he used in his former duties as Executive Vice President for AMO. AMO contends that Joseph misappropriated three types of alleged trade secrets: Contribution Rate Sheets (containing employee benefit cost information used in union negotiations), Confidential Contribution Letters (reflecting the level of wages and benefits actually negotiated between AMO and employers), and information regarding the financial health and funding needs of AMO's health, welfare, and pension benefit plans. AMO contends that Joseph misappropriated

its trade secrets while consulting for MEBA. AMO seeks damages from Joseph for the alleged misappropriation.

Joseph contends that AMO has no trade secrets and that, even if it did, he has not misappropriated any trade secrets. Joseph contends that 1) the Contribution Rate Sheets do not contain trade secrets and he did not have any of them after leaving AMO's employment, 2) AMO's Confidential Contribution Letters contain public wages and benefit information, and have been publicly available; and 3) information regarding the financial health and funding needs of AMO's Plans are not secret. Furthermore, Joseph contends that he has not used or disclosed any of AMO's alleged trade secrets in the course of his consulting activities. Finally, Joseph contends that AMO has brought its trade secret misappropriation claim in bad faith as an extension of a lingering internal union rivalry between himself and AMO President Michael McKay.

      **D.**    **Pending Motions**: The following pre-trial motions are pending:

          1.    Plaintiff's Request for a Jury Instruction Concerning Defendant's Failure to Preserve Documents Subject to Discovery and Responsive to the Court's October 8, 2003, Order.

          2.    Defendant's Motion in Limine.

Oppositions to each of these motions are being filed with the Court today.

      **E.**    **Witnesses**: Plaintiff's list of witnesses it intends to call at trial is attached as Exhibit 1 hereto. Defendant's list of witnesses he intends to call at trial is attached as Exhibit 2 hereto.

      **F.**    **Exhibits**: In accordance with Rule 16(c), the parties exchanged copies of all documentary exhibits that they may offer at trial on September 15, 2004. Plaintiff's Index of Trial Exhibits is attached as Exhibit 3 hereto. Defendant's Index of Trial Exhibits is attached as

Exhibit 4. Plaintiff's objections to exhibits submitted by Defendant are attached as Exhibit 5. Defendant's objections to exhibits submitted by Plaintiff are attached as Exhibit 6.

**G.** **Designation of Deposition Testimony**: The parties have agreed to exchange (i) designations of deposition testimony that each side intends to use at trial (aside from for purposes of impeachment) twenty-one (21) days in advance of the scheduled trial date, and (ii) objections to such designations and counter-designations fourteen (14) days in advance of the scheduled trial date. With the Court's permission, the parties will file their designations, objections, and counter-designations with the Court seven (7) days in advance of the scheduled trial date.

**H.** **Demonstrative Evidence**: The plaintiff proposes that the parties exchange demonstrative exhibits fourteen (14) days in advance of the scheduled trial date. Defendant's position is that the date for exchanging demonstrative exhibits has past because they should have been exchanged three weeks in advance of the pre-trial conference, pursuant to the last sentence of Super. Ct. Civ. R. 16(c).

**I.** **Issues Related to Confidentiality and Exhibits Stamped as "Confidential"**: With the Court's permission, the parties propose to utilize the following procedures to address (i) the handling of exhibits stamped as "Confidential" during the litigation by a party or its counsel pursuant to the terms of the Stipulated Protective Order entered by the Court on January 22, 2003, and (ii) confidentiality considerations at trial related to AMO's alleged trade secret information

(i) *Handling of Trial Exhibits Stamped as "Confidential" During the Litigation.* During the course of discovery in this case, a number of documents were stamped as "Confidential" by the parties or their counsel in order to designate them in accordance with the terms of the Stipulated Protective Order and to facilitate the timely exchange of volumes of business documents. In order to avoid any confusion by the jury about the origins of any "Confidential" stamps on documents made by the parties during the litigation, the parties propose to utilize two sets of exhibits: one set that bears the "Confidential" stamp ("Record Set of Exhibits") and one set of the same exhibits where the "Confidential" stamp has been removed ("Jury Set of Exhibits"). The parties will provide the Court with one list

of exhibits which lists the documents as "Confidential" as appropriate. The parties will use only the Jury Set of Exhibits at trial. The parties will create and submit the Record Set of Exhibits at the conclusion of the trial.

(ii) *Use or Presentation at Trial of Confidential Documents Related to AMO Alleged Trade Secrets.* The Stipulated Protective Order states, in relevant part, that, "in order to preserve the secrecy of Confidential Information, as defined below, contained, reflected or revealed in hearing or trial testimony . . . .," access to "Confidential Information" designated by the parties shall be limited to the Court (including its personnel), counsel for the parties, Defendant, one employee of the Plaintiff, and any other person but only upon order of the Court. See Stipulated Protective Order, 1/21/03, at 1-3. Plaintiff anticipates that, at trial, a portion of the case will involve testimony in open court about details relating to its alleged trade secrets and associated documents designated as "Confidential Information." The parties request that, consistent with the terms of the Stipulated Protective Order and D.C. Code Ann. § 36-405 ("Preservation of Secrecy" provision of Act), the Court close the courtroom to the public, and seal the proceedings, only whenever testimony or details concerning alleged trade secrets are elicited. It should not be necessary to close the courtroom if the testimony does not include the details of the alleged trade secrets. Counsel for the parties will use diligent efforts to minimize the amount of time that the proceeding needs to be sealed, and will endeavor to inform the Court at the beginning of any session when "Confidential Information" is expected to be elicited so that there will be little or no disruption to the proceedings. With regard to trial exhibits designated as "Confidential Information" under the Stipulated Protective Order, the parties propose that any trial exhibit marked as "Confidential" under the terms of the protective order and admitted into evidence be made part of the record under seal.

**J.     Requested Voir Dire Questions**: Plaintiff's proposed list of questions it desires to propound, or have propounded, on voir dire is attached as Exhibit 7 hereto. Defendant's proposed list of questions he desires to propound, or have propounded, on voir dire is attached as Exhibit 8 hereto. Plaintiff's objections to Defendant's proposed voir dire questions are attached as Exhibit 9 hereto. Defendant's objections to Plaintiff's proposed voir dire questions are attached as Exhibit 10 hereto.

**K.     List of Standard Jury Instructions**: The parties jointly submit the following list of Standardized Civil Jury Instructions for the District of Columbia that they wish to have read to the jury: 1-1, 1-2, 1-3, 1-4, 1-6, 1-10; 2-1, 2-3, 2-5, 2-6, 2-8, 2-10, 3-1, and 3-8 [first and last

paragraphs]. In addition, Plaintiff lists the following Standardized Civil Jury Instructions for the District of Columbia that it wishes to have given: 1-5, 1-7, 1-8, 1-9, 1-11, 1-12, 2-2, 2-4, 2-9, 3-2, 3-5, 3-8 [in its entirety], 3-9, 3-10, and 12-1. Defendant lists the following additional Standardized Civil Jury Instructions that he wishes to have given: 3-6, and 12-1, 12-2, 12-3 [if defendant's motion in limine on damages is denied]. Plaintiff's objections to Defendant's additional proposed Standard Jury Instruction Requests are attached as Exhibit 11 hereto. Defendant's objections to Plaintiff's additional proposed Standard Jury Requests are attached as Exhibit 12 hereto.

    **L.**    **Non-Standard Jury Instructions Requested**: The complete text of jury instructions not contained in Standardized Civil Jury Instructions for the District of Columbia which Plaintiff wishes to have read to the jury is included in Plaintiff's Proposed Jury Instructions is attached as Exhibit 13 hereto. The complete text of jury instructions not contained in Standardized Civil Jury Instructions for the District of Columbia which Defendant wishes to have given is attached as Exhibit 14 hereto. Plaintiff's objections to Defendant's proposed Non-Standard Jury Instructions are attached as Exhibit 15 hereto. Defendant's objections to Plaintiff's proposed Non-Standard Jury Instructions are attached as Exhibit 16 hereto.

    **M.**    **Verdict Form and Special Interrogatories**: Verdict forms, other than a general verdict, which the Plaintiff wishes the Court to utilize, including any special interrogatories to be answered by the jury, are attached as Exhibit 17 hereto. Verdict forms, other than a general verdict, which the Defendant wishes the Court to utilize, including any special interrogatories to be answered by the jury, are attached as Exhibit 18 hereto. Plaintiff's objections to Defendant's proposed special interrogatories are attached as Exhibit 19. Defendant's objections to Plaintiff's proposed special interrogatories are attached as Exhibit 20.

    **N.**    **Settlement**: The parties have engaged in settlement discussions without any success. The parties do not believe that further settlement discussions or alternative dispute resolution would be constructive.

O.  **Estimated Length of Trial**: The parties anticipate that they will need approximately three (3) to four (4) days to complete the trial, with each side anticipating approximately one and a half to two days for its case, including Plaintiff's rebuttal case.

with permission

*/s/ Michael Schrier /sw/*
Raymond C. Fay (D.C. Bar No. 188649)
Michael J. Schrier (D.C. Bar No. 444693)
BELL, BOYD & LLOYD PLLC
1615 L Street, N.W., Suite 1200
Washington, D.C. 20036
(202)466-6300

Attorneys for Defendant
JEROME E. JOSEPH

Respectfully submitted,

*/s/ Stephen Weissman/*
James F. Hibey (D.C. Bar No. 203216)
Stephen Weissman (D.C. Bar No. 451063)
HOWREY SIMON ARNOLD & WHITE, LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C.  20004
(202) 783-0800

Attorneys for Plaintiff
AMERICAN MARITIME OFFICERS

Dated:  September 29, 2004