**Exhibit 9**

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | |
|---|---|
| AMERICAN MARITIME OFFICERS | : |
| Plaintiff | : |
| v. | : Civil Action No. 02-CA-7178 |
| | : Calendar 4, Civil I |
| JEROME E. JOSEPH | : Senior Judge Braman |
| | : |
| | : Trial Date: 6/28/05 |
| Defendants. | : Courtroom No. _____ at 9:00 a.m. |
| | : |

## SUPPLEMENTAL PRETRIAL ORDER

Pursuant to supplemental proceedings held in Jury Room 314 on June 8, 2005, it is hereby ORDERED:

(1) Except as modified by this order, Plaintiff's Supplemental Pretrial Statement Regarding Damages and Defendant's Supplemental Trial Brief on Damages are incorporated in this Pretrial Order which supplements the pretrial order of October 6, 2004.

(2) The nature of the action is described in the parties' original Joint Pretrial Statement. The claims and defense of the parties are set forth in the original Joint Pretrial Statement and the supplemental statements filed herein. No other claims or defenses will be entertained at trial absent exceptional cause.

(3) Nature of the Trial: Non-jury and Jury of 8. Estimated length of trial is 4 days.

DEFENDANT'S EXHIBIT 9

DOCKETED In Chambers   JUN 0 9 2005
MAILED From Chambers    JUN 0 9 2005

Case: 2002 CA 007178 B

(4) Additional Stipulations:

In addition to any stipulations set forth in the Joint Pretrial Statement and the October 6, 2004 order, the parties will attempt to stipulate by June 15, 2005 to the date of publication of RFP N00033-02-R-3201 for "Operation and Maintenance of 8LMSRs."

(5) Discovery is closed.

(6) Motions decided, rulings made at pretrial:

The parties shall file by June 20, 2005 supplemental pretrial memoranda setting forth the law on the following matters: (1) What ongoing responsibilities, if any, did the defendant have to the plaintiff and/or its membership after his resignation from his several positions; and (2) Can a former agent who held the positions occupied by defendant properly avail himself of confidential information of the sort involved here whether or not the confidential information amounts to a trade secret.

Courtesy copies of all trial exhibits were submitted to the court today; official exhibits will be provided to the courtroom clerk on the morning of trial.

Copies of all substantive documents relating to AMO's Plans and Trusts are to be submitted to the court by June 15, 2005.

Copy or copies of the formula(e) used to derive the numbers set forth in the Contribution Rate Sheet are to be submitted by plaintiff to the court by June 15, 2005 together with an appropriate explanation. Any reply by defendant (which must be limited only to the accuracy of plaintiff's submission) is due on June 17.

It is agreed that the issue of whether plaintiff has a protectible property right (*eg.* trade secret) is a question for the jury. It is further agreed that interstitial questions, such as the application of the Freedom of Information Act, are matters of law to be decided by the court.

Plaintiff's representational standing will be decided prior to trial.

Voir dire is settled as follows: Proposed questions that are granted in substance were plaintiff's I 1-6, II 1-5, 7, 8, III 1-4, 7, 8, 10 (to be put by plaintiff), 12 (as modified), 13, IV 1-5 and defendant's 3 (to be given by defendant), 4-8, 11, 12, 13 and 14 (by defendant), 16, 18, 26, 29-41, 43 (as modified), 44, 45, 47, 48, 50-53. Proposed questions that are denied were plaintiff's II 6, III 5-6, 9, 11, 14 (denied for over breadth; plaintiff objects), IV 6 and defendant's 1 (same as plaintiff's III 1), 2, 9, 10, 15-17, 19-25, 27-28, 42, 46 and 49.

If the jury returns a verdict for defendant, the court will commence directly the bad faith hearing.

(7) Further motions/legal issues to be briefed as follows: Since plaintiff is the proponent of PX 86 and PX 86-1, plaintiff shall file a *seriatim* reply to pages 3-10 (§ § B through E) of defendant's Supplemental Trial Brief on Damages by June 17, 2005. Defendant subpoenaed, prior to pretrial, plaintiff's N.Y. counsel Joel Glanstein to testify at trial. Plaintiff will file a motion to quash by June 17. Defendant will respond by June 20.

(8) No party may offer at trial any witnesses or exhibit not disclosed at pretrial except for purposes of impeachment, i.e., the witness/exhibit relate solely to the credibility of another witness or party. No <u>retained</u> expert (as distinct from a

3

fact witness who is an expert, e.g., a treating physician) may testify during a party's case-in chief <u>or in rebuttal</u> unless a Rule 26(b)(4) statement has been provided prior to pretrial.

(9) Except for the parties or their representatives, all witnesses must remain out of the courtroom except while on the stand. Counsel shall instruct witnesses not to discuss their testimony after they leave the stand.

(10) No demonstration is to be undertaken or referred to in the presence of the jury unless it is cleared first with the court out of the presence of the jury.

Once the trial begins, witnesses will be put on call at the peril of the calling party. The trial will not be recessed because a witness on call is unavailable except in extraordinary circumstances. The court will endeavor to accommodate out-of-town and expert witnesses if counsel alerts the court ahead of time. The party calling a witness shall arrange for that witness' presence until cross-examination is completed, including the following trial days if need be. The failure to have a witness present for cross-examination following direct examination is grounds to strike the witness' testimony.

(11) The court will advise the parties, prior to final argument, of the instructions to be given by the jury.

(12) The parties are encouraged to continue settlement discussions up to the day of trial.

(13) The trial of the case is set for 9:00 a.m. on June 28, 2005. Counsel should call chambers a week before trial to ascertain the courtroom in which trial will take place. If the court is unable to begin trial at that time, all parties and

counsel must remain ready, on one hour telephone alert, to come to the courthouse and begin trial on any of the two court days following the foregoing date. (If the trial commences on such a succeeding date, the court will take witnesses out of turn to accommodate the schedule of counsel and witnesses.).

Counsel who may request technical equipment during the trial for purposes of presenting exhibits (e.g., x-ray view boxes, video display monitors, overhead projectors, etc.) must make their own arrangements outside the court for such equipment.

Although not included in the business conducted at the foregoing supplemental pretrial, counsel are hereby requested to confer with a view to stipulating by June 15, 2005 as to the subject matter of *Alexis M. Herman v. American Maritime Officers*, Civil Action No. 97-7587 (S.D. Fla.) and the issues involved.

<u>**NOTE: THIS IS YOUR ONLY NOTICE OF THE TRIAL DATE**</u>.

_/s/ Leonard Braman_
SENIOR JUDGE LEONARD BRAMAN

Copies to:

| | |
|---|---|
| James F. Hibey | Raymond C. Fay |
| Stephen Weissman | Michael J. Schrier |
| HOWREY SIMON ARNOLD & WHITE, LLP | BELL, BOYD & LLOYD PLLC |
| 1299 Pennsylvania Avenue, N.W. | 1615 L Street, N.W., Suite 1200 |
| Washington, D.C. 20004 | Washington, D.C. 20036 |
| Attorneys for Plaintiff | Attorneys for Defendant |