## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN MARITIME OFFICERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:05CV01343 (RMC) |
| | ) | |
| JEROME E. JOSEPH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION OF AMERICAN MARITIME OFFICERS TO
## REMAND CASE TO D.C. SUPERIOR COURT AND FOR COSTS

Pursuant to 28 U.S.C. § 1447(c), American Maritime Officers ("Plaintiff" or "AMO") respectfully files this Motion to Remand Case to D.C. Superior Court and for Costs.

Defendant Jerome E. Joseph's ("Defendant" or "Joseph") filed his July 6, 2005 Notice of Removal three years after AMO commenced this action in District of Columbia Superior Court, and only after the close of evidence in a week-long trial that resulted in an $8,486,381.46 jury verdict against him. As explained in detail in AMO's accompanying Memorandum in Support, Joseph's attempt to remove the case to federal court is without any basis, and the case should be remanded to Superior Court. A threshold reason for remand is that Joseph's notice of removal was untimely, as it was filed more than two years after he raised issues concerning "complete preemption under federal law"—the asserted basis for his July 6, 2005, Notice of Removal—but then opted to continue to trial in the D.C. Superior Court. Furthermore, even if Joseph's July 6, 2005 petition for removal had been timely, there is no basis for removal because AMO's state-law claims are not preempted either by the Employment Retirement Income Security Act ("ERISA") or by federal labor law.

For these reasons, and those detailed in the accompanying Memorandum in Support, Plaintiff respectfully requests that the Court remand the case to D.C. Superior Court.

Furthermore, due to the impropriety of Defendant's removal petition, Plaintiff respectfully requests that it be awarded its costs, including reasonable attorneys' fees, associated with the filing of this motion.

Respectfully submitted,

_____/s/Stephen Weissman_____
James F. Hibey (D.C. Bar No. 203216)
Stephen Weissman (D.C. Bar No. 451063)
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 783-0800

OF COUNSEL:

Joel C. Glanstein (D.C. Bar No. 198127)
O'DONNELL, SCHWARTZ, GLANSTEIN & LILLY, LLP
Suite 1022
60 E. Forty Second Street
New York, NY 10165
(212) 370-5100

Attorneys for Plaintiff
Dated:  July 19, 2005                         AMERICAN MARITIME OFFICERS

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing (i) Motion of American Maritime Officers to Remand Case to D.C. Superior Court and for Costs, (ii) the Memorandum in Support, and (iii) a proposed Order to be served electronically and by regular mail pursuant to the order of this Court on this 19th day of July 2005 upon:

        Raymond C. Fay, Esq.
        Michael J. Schrier, Esq.
        Bell, Boyd & Lloyd PLLC
        1615 L Street, N.W., Suite 1200
        Washington, D.C. 20036

        Counsel for Defendant


                /s/Stephen Weissman
                Stephen Weissman

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN MARITIME OFFICERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:05CV01343 (RMC) |
| | ) | |
| JEROME E. JOSEPH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF MOTION OF
## AMERICAN MARITIME OFFICERS TO REMAND
## CASE TO D.C. SUPERIOR COURT AND FOR COSTS

Pursuant to 28 U.S.C. § 1447(c), American Maritime Officers ("Plaintiff" or "AMO") respectfully submits this Memorandum in Support of its Motion to Remand Case to D.C. Superior Court and for Costs.

## INTRODUCTION

Three years after AMO filed this action in District of Columbia Superior Court, and after the close of evidence in a week-long trial that resulted in an $8,486,381.46 jury verdict against defendant Jerome E. Joseph ("Defendant" or "Joseph"), *see* Judgment (Ex. 1 hereto), Joseph belatedly seeks to remove this case to federal court based upon on his assertion of "federal law preemption." Joseph's notice of removal is nothing more than an improper attempt to get a "second bite at the apple" and to wipe away three years of proceedings, including motions, rulings, and findings, that were properly at issue in the D.C. Superior Court.

This action should be remanded to the D.C. Superior Court on multiple independent grounds. As a threshold matter, Joseph's Notice of Removal, not filed until July 6, 2005, was untimely under 28 U.S.C. § 1446(b) because it came nearly <u>two years</u> after Joseph first raised the

issue of federal law preemption of AMO's claims—indeed, the same federal labor law preemption claim he raises again now—at which point he elected not to file a notice of removal. The law is clear that, because Joseph failed to file a notice of removal within thirty (30) days of the date when he first raised a ground for removal to federal court, his instant notice of removal is untimely and the case must be remanded.

Apart from the untimeliness of Joseph's notice of removal, the case should be remanded for the additional reason that none of AMO's case is preempted by federal law. Indeed, AMO has not brought an action against Joseph under either the Employment Retirement Income Security Act ("ERISA") or the Labor Management Relations Act ("LMRA"), the two statutes that Joseph cites as a basis for his tardy notice of removal. Rather, AMO's claims were grounded purely on state law, and were indisputably premised on Joseph's wrongful conduct <u>after</u> he resigned from AMO and <u>after</u> he ceased being a Trustee for AMO Plans. As a result, the federal courts do not have subject-matter jurisdiction over AMO's claims, thereby further requiring remand to the D.C. Superior Court.

Finally, given the impropriety of Joseph's filing of the notice of removal, and its obvious dilatory purpose, AMO respectfully requests that it be awarded its costs, including its reasonable attorneys' fees, associated with the filing of this motion for remand.

## PROCEDURAL BACKGROUND

On August 9, 2002, AMO, a union representing 4,000 licensed maritime officers, filed this lawsuit in District of Columbia Superior Court against Joseph, a former high-ranking AMO officer. The lawsuit was based upon Joseph's conduct, after resigning from AMO, in misappropriating confidential and competitively sensitive information, or trade secrets, to which he had access while developing bidding strategies as the chief contract negotiator for AMO members. *See* Complaint (attached as Ex. 1 to Defendant's Notice of Removal). The Complaint specifically alleged that, in his positions for AMO and the AMO Plans, Joseph had obtained access to such competitively sensitive information "under circumstances giving rise to a duty to

maintain its secrecy and to limit its use only for AMO's benefit." *Id.* ¶ 9; *see also id.* ¶¶ 4, 8. AMO's lawsuit is not based upon any actions that Joseph engaged in while he was an AMO officer or while he was a Trustee for AMO Plans. Rather, the Complaint alleged that, in acting as a consultant for AMO's archrival competitor, the Marine Engineers' Beneficial Association ("MEBA"), months after leaving his positions with AMO and the AMO Plans, Joseph misused competitively sensitive AMO contract-bidding information and, in the process, caused losses to AMO and its membership.

Joseph filed a Motion for Summary Judgment in October 2002, which the Superior Court denied on the merits on December 19, 2002. *See* Order, dated 12/19/02, at 6-7 (Ex. 2 hereto). Lengthy discovery proceedings ensued, including a number of discovery-related motions and rulings by the Superior Court regarding the scope of discovery. During discovery, Joseph took depositions, including that of AMO's D.C. Rule 30(b)(6) designee, Thomas Bethel. During his deposition on February 20, 2003, Mr. Bethel testified extensively about AMO's claim for damages on behalf of its members, which was based upon the value of lost wages and fringe benefits AMO members would have received but for Joseph's conduct for MEBA against AMO.

On March 5, 2003, Joseph filed a Renewed Motion for Summary Judgment. Among Joseph's contentions in his renewed summary judgment papers was that discovery had showed that "AMO's entire case is preempted by federal labor law," including by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. *See* Reply in Support of Defendant's Renewed Motion for Summary Judgment, filed 4/24/03 ("Joseph's April 2003 Reply"), at 15-17 (attached hereto as Ex. 3). Thus, just as he claims again now, Joseph stated in his April 2003 Reply that AMO's claims are completely preempted by the LMRA because they "necessarily involve a review and an analysis of the terms of the various collective bargaining agreements." *Id.* at 15; *compare with* Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss, filed with this Court on July 11, 2005 ("Def. July 2005 Mot. to Dismiss"), at 10-12. Significantly, Joseph did not file a notice of removal in April 2003, nor did he do so at any other point before all of the trial evidence had been submitted to the jury in D.C.

- 3 -

Superior Court over 26 months later (on July 6, 2005). Instead, notwithstanding his citation to federal labor law preemption issues back in the Spring of 2003, Joseph elected to continue defending himself in D.C. Superior Court.

On May 19, 2003, after granting AMO's motions to compel discovery against Joseph and MEBA, the D.C. Superior Court denied Joseph's Renewed Motion for Summary Judgment, without prejudice to his re-filing of a renewed motion after the completion of discovery. *See* Order Denying Without Prejudice Defendant's Renewed Motion for Summary Judgment (Ex. 4 hereto). Joseph filed a Second Renewed Motion for Summary Judgment in the D.C. Superior Court on August 11, 2003. One of AMO's express contentions in its August 25, 2003, Opposition to Joseph's second renewed motion was that "Joseph had a duty of loyalty to AMO and its membership by virtue of his status as both an officer[1] and Trustee,[2] and . . . he now has a legal obligation, not to use <u>any</u> confidential information derived from AMO." *See* Plaintiff's Opposition to Defendant's Second Renewed Motion for Summary Judgment, filed Aug. 25, 2003 (relevant parts attached as Ex. 5), at 38 (emphasis added; footnotes in original). (This same AMO contention regarding Joseph's duties not to disclose any confidential information, not just trade secrets, was reiterated in Plaintiff's Trial Brief, which was filed with the Superior Court and served on Joseph on April 26, 2005. *See* Plaintiff's Trial Brief, filed 4/26/05, at 16 (parts attached as Ex. 6 hereto)).

The D.C. Superior Court ruled, on February 4, 2004, that AMO had established a *prima facie* case of trade secret misappropriation against Joseph, and, therefore, it denied Joseph's Second Renewed Summary Judgment Motion. *See* Mem. Op. & Order, dated 2/4/04 (Ex. 7 hereto). After this denial by the Superior Court of Joseph's motion for summary judgment on the merits for the second time, and after several continuances of the original February 28, 2005, trial

---

[1]   "*See* 29 U.S.C. § 501 (establishing "fiduciary responsibility of officers of labor organizations")."

[2]   "Joseph Dep. at 194 (Joseph admits that, as a Trustee, he occupied a 'fiduciary status')."

date due principally to scheduling issues, Senior Judge Leonard Braman of the D.C. Superior Court conducted extensive pre-trial hearings, including ruling on numerous pre-trial motions *in limine.*

Trial of this case in the Superior Court commenced on June 28, 2005. After presenting substantial evidence of Joseph's use for MEBA of competitively sensitive information he had gained in his previous employment with AMO, AMO rested its case on July 1, 2005. Joseph moved for judgment as a matter of law pursuant to D.C. Civil Rule 50, which motion the Superior Court denied. Thereafter, on July 5, 2005, the parties completed their respective defense and rebuttal cases to the jury, and the evidentiary record became complete. After excusing the jury for the day, Judge Braman discussed with the parties the jury instructions he intended to give based upon the issues raised, and the evidence presented, during pre-trial proceedings and at trial.

In addition to standard jury instructions and instructions concerning the D.C. trade secrets statute, D. C. Code Ann. §§ 36-401 *et seq.* (2002), the Superior Court's jury instructions included a charge to the jury regarding Joseph's common law duty as a former agent of AMO and of the AMO Plans not to disclose trade secrets or agency-protected confidential information after termination of the agency relationship. *See* D.C. Superior Court's Proposed Jury Instructions (relevant portions attached hereto as Ex. 8), at 42-43. As noted above, this was not a new issue for the parties or the Court, as AMO had explicitly raised it almost two years earlier in its August 2003 Opposition to Joseph's Second Renewed Motion for Summary Judgment (Ex. 5 hereto), and then again in its April 26, 2005 Trial Brief (Ex. 6 hereto).

Moreover, Judge Braman's instructions did not add, either in form or in substance, any federal law claim against Joseph based upon ERISA or upon federal labor law, which, by their express terms, only impose liability for breaches of fiduciary duty that occur while a defendant serves as Trustee for Plans covered by ERISA and as an officer for the union, respectively. Instead, Judge Braman's instructions included a charge to the jury regarding state common-law principles that apply generally to the conduct of all agents vis-à-vis their principals after the

resignation or termination of the agency relationship. Ex. 8 at 42-43. As the D.C. Superior Court framed the ultimate issue: "The question for the jury is whether [Joseph] did in fact use or did in fact disclose the protected information <u>after</u> his resignation." *Id.* at 47 (emphasis added).

On July 6, 2005, the day that jury deliberations were going to commence, Joseph filed his Notice of Removal with this Court during Plaintiff's counsel's closing argument. Without objecting to the case continuing in D.C. Superior Court, however, Joseph's counsel thereafter proceeded with the defense's closing argument. After closing arguments had concluded, the case was submitted to the jury, again without any objection from Joseph. On July 7, 2005, the jury reached a verdict. *See* Special Verdict Form (Ex. 9 hereto). The jury found that AMO possesses both trade secrets and agency-protected confidential information, and that Joseph had misappropriated both. *Id.* The jury awarded AMO and its members damages in the amount of $8,486,381.46. *Id.*

Joseph, displeased with the outcome of proceedings against him in Superior Court—and apparently regretting his decision in 2003 not to request removal to federal court—now seeks to re-litigate the entire case afresh on the contention that AMO's claims belonged in federal court.

## ARGUMENT

### I. LEGAL STANDARD FOR REMOVAL

The principles governing removal are well established. In *Williams v. Purdue Pharma Co.*, Civ. No. 02-0556 (RMC), 2003 U.S. Dist. LEXIS 19268 (D.D.C. Feb. 27, 2003), this Court summarized the legal standard for removal as follows:

> "Federal courts are courts of limited jurisdiction," *Anile Pharmacy, Inc. v. Hoffman-Larouch, Inc.*, 2000 U.S. Dist. LEXIS 11348, No. 99-197, 2000 U.S. Dist. LEXIS 11348, at *8 (D.D.C. Feb. 1, 2000) (citations omitted), and the court must respect the jurisdiction of state courts if our system of federalism is to work properly. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 85 L. Ed. 1214, 61 S. Ct. 868 (1941). The local courts in the District of Columbia are entitled to such respect. *Anile Pharmacy*, 2000 U.S. Dist. LEXIS 11348, at *19. The burden is on the proponent of federal jurisdiction who must make an "affirmative showing" of the requisite jurisdictional factors. *NOW v. Mut. of*

- 6 -

*Omaha Ins. Co.*, 612 F. Supp. 100, 103 (D.D.C. 1985); *see also McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 80 L. Ed. 1135, 56 S. Ct. 780 (1936). Doubts must be resolved in favor of remand. *See Anile Pharmacy*, 2000 U.S. Dist. LEXIS 11348 at *19; *NOW*, 612 F. Supp. at 103.

> A plaintiff is normally the master of his own complaint and can select his own court, even if it means forgoing remedies that might be available elsewhere. *See Caterpillar v. Williams*, 482 U.S. 386, 392 (1987) . . . .

*Williams*, 2003 U.S. Dist. LEXIS 19268, at *6-*7.

As this Court and others have emphasized time and time again, the removal statute "must be strictly construed" against permitting removal. *See, e.g., Williams v. Howard Univ.*, 984 F. Supp. 27, 29 (D.D.C. 1997) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941)); *Hubbard v. Union Oil Co. of California*, 601 F. Supp. 790, 794 (S.D. W. Va. 1995). Thus, "[a]ny doubts concerning the propriety of removal must be resolved in favor of retained state court jurisdiction." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993).

In order to meet his burden of showing that removal is proper, Joseph must show <u>both</u> that his petition was timely, *see Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965-66 (7th Cir.), *cert. denied*, 459 U.S. 831 (1982), <u>and</u> that there are substantive grounds for removal. *See Williams*, 2003 U.S. Dist. LEXIS 19268 at *6-*7. Joseph's Notice of Removal fails in both respects.

## II.    THE CASE SHOULD BE REMANDED TO D.C. SUPERIOR COURT

This Court should not countenance Joseph's effort to get a "second bite at the apple" by his desperate attempt to remove the case to federal court on the eve of jury deliberations, and after three years of proceedings, including a week-long jury trial, in Superior Court. A threshold reason for remand is that Joseph's notice of removal was untimely, as it was filed more than two years after he had raised issues concerning "complete preemption under federal law," but then opted to continue to trial in the Superior Court. Furthermore, even if Joseph's July 6, 2005, petition for removal had been timely, there is no basis for removal because AMO's state-law claims are not preempted either by ERISA or by federal labor law.

### A.    Defendant's Removal Petition Was Untimely

Joseph's failure to file a notice of removal within 30 days of when he first ascertained a basis to file a removal petition—back in April 2003—precludes his belated attempt at removal, and mandates remand of the case to D.C. Superior Court. The removal statute, 28 U.S.C. § 1446(b), clearly enumerates the time period within which a defendant must seek removal in order for it to be effective:

> The notice of removal of a civil action or proceeding shall be filed *within thirty days* after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed *within thirty days* after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b) (emphasis added).

Untimely removal constitutes a defect in removal procedure that mandates remand. *See Royal v. State Farm Fire & Cas. Co.*, 685 F.2d 124, 127 (5th Cir. 1982); *Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1255-56 (9th Cir. 1989). As this Court has observed, "[c]ourts have for the most part strictly construed the time limits set up by § 1446(b)." *Newman v. Brent*, Civ. No. 97-1647 (TFH), 1998 U.S. Dist. LEXIS 10476 (D.D.C. July 8, 1998), at *5 (citations omitted). Thus, "[i]f a Defendant is desirous of litigating an action in federal court, he must seize the first opportunity to do so by removing the case within the prescribed thirty-day period. If the Defendant does not remove the case upon the first opportunity, the Defendant has waived his right to remove at a later time." *Hubbard*, 601 F. Supp. at 795; *Douglass v. Weyerhaeuser Co.*, 662 F. Supp. 147, 149 (C.D. Cal. 1987); *see also Phillips v. Corrections Corp. of Am.*, Civ. No. 04-858 (RJL), 2005 U.S. Dist. LEXIS 4457 (D.D.C. Mar. 16, 2005), at *8 (granting motion to remand where plaintiff had raised claims under the Eighth Amendment to the Constitution, which would have been sufficient grounds to file a notice of removal, but where defendant had elected not to file notice of removal until much later in the case when another defendant was

added).  As the court summarized in *Hubbard*, a case "must be removed within the initial thirty-day period specified by section 1446(b); subsequent events do not make it 'more removable' or 'again removable.'"  *Hubbard*, 601 F. Supp. at 795 (citing cases); *see also Wilson*, 668 F.2d at 965 (remanding case to state court due to untimeliness of removal petition where amendment "did not change the original complaint so drastically that the purposes of the 30-day limitation would not be served by enforcing it").

     "The purpose of the 30-day limitation is twofold:  to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system; and to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court."  *Wilson*, 668 F.2d at 965; *see also Gorman v. Abbott Labs.*, 629 F. Supp. 1196, 1199 (D.R.I. 1986) (noting that the "thirty day limitation mandated by § 1446(b) . . . prevents a second bite at the jurisdictional apple if a defendant (belatedly) perceives that the case is proceeding other than to his liking") (citation omitted); *Link Telecommunications, Inc. v. Marksapperstein*, 119 F. Supp. 2d 536, 541 (D. Md. 2000) (the removal "statute is designed to avoid a situation in which a 'Defendant, once having identified the case as removable to federal court, could retain the unfair advantage of being able to remove the case at will, enabling a Defendant to exercise his unilateral power of removal at a strategic juncture in the litigation.'").  The purpose behind the thirty-day time period for removal clearly "would be defeated if a Defendant were allowed to decline to remove a case upon one ground and then, later in the litigation, attempt to remove the case when a second ground for removal presented itself."  *Hubbard*, 601 F. Supp. at 795.

     Here, it is undisputed that Joseph first raised his contention of "complete federal law preemption" concerning AMO's claims more than two years ago, on April 24, 2003.  *See* Joseph's April 2003 Reply (Ex. 3 hereto), at 15 ("AMO's entire case is preempted by federal labor law").  Yet, Joseph failed to file a notice of removal, as required, within thirty days of his receipt of AMO's March 21, 2003, summary judgment opposition brief, which set forth the facts

- 9 -

that Joseph cited as giving rise to "complete federal law preemption" and, hence, grounds for attempted removal.[3]  Instead, Joseph elected to proceed to trial in D.C. Superior Court without seeking removal until 26 months later, on July 6, 2005, only after the court rejected his D.C. Rule 50 motion and after the evidence presented at trial made it very likely AMO would obtain a judgment against him.  In sum, the "'wait and see' approach taken by defendant[] in this case is exactly the type of improper removal procedure which § 1446(b) was designed to prevent."  *See Link Communications*, 119 F. Supp. 2d at 544; *see also Korzinski v. Jackson*, 326 F. Supp. 2d 704, 707-08 (E.D.N.C. 2004) (remanding case to state court where "removal in this case would interfere with litigation that had already substantially progressed in state court . . . for almost three years.  Substantial discovery has taken place and the case already was scheduled for trial in state court . . . .  Thus, bringing this case now into federal court would raise additional concerns underlying the thirty-day limit for removal, such as inefficient use of judicial resources and delay, given that the state court has already had substantial experience with the facts and law in this case.").

Consequently, as case after case makes clear, Joseph's removal petition was untimely as a matter of law, thereby requiring remand of the action to D.C. Superior Court.  *See, e.g., Phillips v. Corrections Corp. of Am.*, Civ. No. 04-858 (RJL), 2005 U.S. Dist. LEXIS 4457 (D.D.C. Mar. 16, 2005), at *8; *Cantrell*, 873 F.2d at 1255-56 (reversing district court and ordering remand where it would not "be fair to let appellees 'have it both ways,' *i.e.*, to permit them to remove the action on the basis of ERISA preemption but excuse them from compliance with the thirty-day removal period."); *Hubbard*, 601 F. Supp. at 795 ("The Defendant here, having declined to remove the action to federal court within thirty days of the date federal question jurisdiction was injected into the case, has waived its right to remove this case based upon diversity of citizenship

---

[3]    AMO's Opposition brief clearly was a "motion, order, or *other paper*" for purposes of § 1446(b).  *See Link Telecommunications*, 119 F. Supp. 2d at 542 (noting that the "'motion, order, or other paper' requirement is broad enough to include any information received by the defendant, 'whether communicated in a formal or informal manner.'") (citing *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996)).

jurisdiction."); *Link Telecommunications*, 119 F. Supp. 2d at 541-42 (remanding case to state court where defendants' notice of removal was untimely because they first raised a grounds for removal many months before they actually filed the notice of removal); *Korzinski*, 326 F. Supp. 2d at 708-09 (holding that, because defendants could have petitioned for removal early in the case, "and considering the purposes of the 30-day removal time limit and other prudential federalism concerns, defendants should not be permitted to remove this case to federal court at this late stage in the proceedings."); *Tabor v. Willey*, No. C01-1002MJM, 2001 U.S. Dist. LEXIS 10445 (N.D. Iowa May 3, 2001), at *7 ("assuming [defendant's] complete preemption assertion is valid, this is a case which has been removable from the beginning"; case remanded to state court).

Making Joseph's tardy notice of removal even more improper is that it is predicated principally on the same LMRA preemption concern he had raised back in April 2003. Indeed, in his recent submission to this Court asserting his basis for removal due to federal labor law preemption, Joseph did little more than rehash, virtually word for word, the portions of his April 2003 Reply filed with the D.C. Superior Court. *Compare* Joseph's April 2003 Reply (Ex. 2) at 15-16 *with* Def. July 2005 Mot. to Dismiss, at 10-13.

Thus, by his own pleadings in the D.C. Superior Court, Joseph elected not to file a notice of removal until over two years after he cited a basis for noticing removal. This election by Joseph to proceed in Superior Court cannot be disregarded. As the Seventh Circuit stated when remanding the case to state court in *Wilson*:

> [T]his case illustrates very nicely the purposes behind the 30-day limitation. Removal to federal court long after the original complaint had been filed and substantial proceedings—unfavorable to the defendants—had taken place in the state courts interrupted an active litigation, thus reducing judicial economy, and delivered a substantial and unearned tactical advantage into the hands of the defendants. It is more likely that the defendants removed the case because they were doing badly in the state courts than because they felt the amended complaint confronted them with a different case from the one they had been fighting in those courts.

- 11 -

668 F.2d at 966.  The same holds true with respect to this case, especially because it had progressed to where the jury was about to return a verdict against Joseph.

### B.  AMO's Case Is Not Preempted Either by ERISA or by Federal Labor Law

In view of Joseph's failure to file a timely notice of removal, "the court does not need to address the substantive grounds for removal." *See Link Communications*, 119 F. Supp. 2d at 542 (citing *McHugh v. Physicians Health Plan of Greater St. Louis, Inc., et al.*, 953 F. Supp. 296, 297 (E.D. Mo. 1997) ("The Court finds that defendants did not timely remove the plaintiff's class action petition to federal court.  Because the case will be remanded to the state court, this Court will not consider the substantive ERISA arguments.")).  Nevertheless, Joseph's arguments for removal would fare no better in invoking this Court's jurisdiction, even assuming that his notice of removal had been timely.

The Supreme Court has admonished that federal courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  In order to determine if an action arises under federal law, a court must apply the well-pleaded complaint rule.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also In Re Tobacco/Govt. Health Care Costs Litig.*, 100 F. Supp. 2d 31, 35 (D.D.C. 2000). This rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392.  In very limited circumstances—not present here—"the pre-emptive force of [federal law] is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* at 393 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)); *see Pascack Valley Hosp., Inc. v. Local 464A UFCW*, 388 F.3d 393, 400 (3d Cir. 2004) (noting that an action may be removed only "if it falls within the narrow class of cases to which the doctrine of 'complete pre-emption' applies.").

In his Notice of Removal, Joseph claims that certain of Judge Braman's proposed jury instructions on July 5, 2005, "add[ed] . . . federal causes of action to this case." Notice of Removal ¶ 8. He argues that these jury instructions "created a breach of fiduciary action" against Joseph, which is "completely preempted" by ERISA and "also completely preempted" by operation of the LMRA. *See id.* ¶ 5. These contentions lack merit.

### (i)     There Is No ERISA Preemption

Joseph's contention that some or all of AMO's case is completely preempted by ERISA is unpersuasive. As the trial evidence made clear, AMO's case against Joseph indisputably was premised upon Joseph's wrongful conduct for MEBA <u>after</u> he resigned from AMO and months <u>after</u> he ceased to be a fiduciary to AMO's Plans. *See also* Complaint. Joseph concedes as much in the recent motion to dismiss he filed in this Court. *See* Def. July 2005 Mot. to Dismiss, at 13-14 ("In the present case, Joseph is not accused of misappropriating any alleged trade secrets while he still held any position with AMO (or any AMO Plans).").

The cases are uniform that "a state law claim will convert to a federal claim [and thus will be removable] only if the claim is preempted by ERISA and *within the scope of ERISA's civil enforcement provisions* [§ 502(a), 29 U.S.C. § 1132(a)]." *Carland v. Metropolitan Life Ins. Co.*, 935 F.2d 1114, 1118-19 (10th Cir.), *cert. denied*, 502 U.S. 1020 (1991) emphasis added); *see also Aetna Health, Inc. v. Davila*, 542 U.S. 200, 124 S. Ct. 2488, 2496 (2004) (only "causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court") (citation omitted); *Felix v. Lucent Tech., Inc.*, 387 F.3d 1146, 1156-57 (10th Cir. 2004) (noting that "'complete preemption' refers to the replacement of a state cause of action with a federal one."), *cert. denied*, 2005 U.S. LEXIS 5185; *King v. Marriott Int'l, Inc.*, 337 F.3d 421, 425, 428 n.3 (4th Cir. 2003) (observing that "a vital feature of complete preemption is the existence of a federal cause of action that replaces the preempted cause of action"; holding that, to be preempted, a state claim must fit within the scope of § 502(a) of ERISA); *Pascack Valley Hosp.*, 388 F.3d at 400 ("the case is removable only if (1) the [plaintiff] could have brought its

- 13 -

breach of contract claim under § 502(a)"). Stated another way, a state law claim is preempted only where ERISA provides the plaintiff with a right to relief. *See, e.g., Hunter v. United Van Lines*, 746 F.2d 635, 642-43 (9th Cir. 1984), *cert. denied*, 474 U.S. 863 (1985).

Here, AMO's claims against Joseph clearly fall outside the civil enforcement provisions of ERISA for a host of reasons. The civil enforcement provisions of ERISA allow certain persons to bring claims for breaches of fiduciary under 29 U.S.C. § 1109. *See* 29 U.S.C. § 1132(a)(2). The "threshold question" to determine whether a state law claim can be recharacterized as a claim against a defendant under Section 1109 is "whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." *See Pegram v. Herdrich*, 530 U.S. 211, 226 (2000). Thus, Section 1109(b) of the ERISA statute makes it clear that actions taken by Joseph after he ceased serving as a Plans Trustee cannot be a basis for a federal action under Section 502(a). It states: "[n]o fiduciary shall be liable with respect to a breach of fiduciary duty *under this subchapter* if such breach was committed before he became a fiduciary or *after he ceased to be a fiduciary*." *See* 29 U.S.C. § 1109(b) (emphasis added).

Putting aside Joseph's mischaracterization of Judge Braman's instructions as adding a "breach of fiduciary" claim, AMO's claims against Joseph are indisputably based upon his actions, not while he was "acting as a fiduciary (that is, was performing a fiduciary function)" for AMO ERISA Plans, *see Pegram*, 530 U.S. at 226, but while he was consulting for MEBA months <u>after</u> he resigned from AMO and as Trustee for the AMO Plans. Indeed, AMO has never contended that Joseph's wrongful conduct occurred while he acted as a "fiduciary" subject to ERISA. Thus, AMO's claims fall squarely outside the ERISA civil enforcement provision and, therefore, cannot be preempted by federal law. *See, e.g., James A. Dooley Assocs. Employees Retirement Plan v. Reynolds*, 654 F. Supp. 457, 462-63 (E.D. Mo. 1987) (no ERISA preemption of plaintiff's state law tort claim that was based upon "defendant's actions *after* resigning his trusteeship") (emphasis added); *cf. Arakelian v. Nat'l Western Life Ins. Co.*, 748 F. Supp. 17, 21

- 14 -

(D.D.C. 1990) (party who was not administering plan was not acting as a "fiduciary," and therefore could not be held accountable under ERISA's civil enforcement provision).

Furthermore, a "plaintiff must have standing to sue under § 502(a) before his or her state law claim can be recharacterized as arising under federal law subject to federal jurisdiction under the doctrine of complete preemption." *Felix*, 387 F.3d at 1158 (citations omitted); *see also Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1240-41 (11th Cir. 2001); *Lehmann v. Brown*, 230 F.3d 916, 917 (7th Cir. 2000); *Harris v. Provident Life & Accident Ins. Co.*, 26 F.3d 930, 934 (9th Cir. 1994). In this case, even if AMO had brought a claim against Joseph based upon actions he took while he served as a Trustee of the AMO Plans (which it did not), it is undisputed that AMO would not have standing to sue Joseph under ERISA. Under Section 502(a) of ERISA, a civil action may be brought only by "the Secretary [of Labor], or by a participant, beneficiary or fiduciary." *See* 29 U.S.C. § 1132(a)(1). AMO is neither a "participant,"[4] "beneficiary," or "fiduciary" under the statute. Accordingly, AMO would not have standing to sue Joseph under ERISA even if it was complaining in this case about his actions while functioning as an AMO Plans Trustee. Without standing for AMO under ERISA, there certainly can be no preemption of AMO's state law claims under ERISA. *See Pascack Valley Hosp.*, 388 F.3d at 400.

Joseph's reliance on ERISA is further flawed because, where, as here, a plaintiff's "state law claims are predicated on a legal duty that is independent of ERISA," preemption under ERISA cannot apply. *See Pascack Valley Hosp.*, 388 F.3d at 402 (state law claims that also derive from duties independent of ERISA not preempted) (citing *Davila*, 542 U.S. 200, 124 S.

---

4     ERISA defines "participant" as follows:

> The term "participant" means any employee or former employee of an employer, or any member of former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

29 U.S.C. § 1002(7) (West. Supp. 1994).

- 15 -

Ct. 2488 (2004)); *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enters. Inc.*, 793 F.2d 1456, 1468 (5th Cir. 1986) (no preemption: "The state law and ERISA duties are parallel but independent; as director, the individual owes a duty, defined by state law, to the corporation's shareholders . . . ."), *cert. denied*, 479 U.S. 1034, 1089 (1987). As Judge Braman's jury instructions made clear, AMO's claim against Joseph for his post-resignation disclosure to MEBA of agency-protected confidential information is premised on his common law duty as a former agent of AMO, as its Executive Vice President, not to disclose such information, irrespective of any obligations he had as a former Trustee for AMO Plans. Ex. 8 at 40, 42; *see* RESTATEMENT (SECOND) OF AGENCY § 396(b) ("[u]nless otherwise agreed, after the termination of the agency, the agent . . . has a duty to the principal *not to use or disclose to third persons . . . trade secrets . . . or other confidential matters . . . .*") (emphasis added); *see also Ruesch v. Ruesch Intern. Monetary Services, Inc.*, 479 A.2d 295, 297 n.3 (D.C. 1984) (quoting RESTATEMENT (SECOND) OF AGENCY § 396(b)); *National Chemsearch Corp. v. Hanker*, 309 F. Supp. 1278, 1280 (D.D.C. 1970).[5] Indeed, the jury explicitly found that Joseph had misappropriated AMO's trade secrets and agency-protected information that he had obtained as AMO's Executive Vice President. *See* Special Verdict Form (Ex. 9) at 2-3. Thus, the finding of liability against Joseph was not only based on his conduct after ceasing to act as an ERISA fiduciary, but was also not dependent on his agency relationship with any ERISA Plans.

---

[5]    Courts across numerous jurisdictions, over the course of many decades, have recognized this ongoing duty of a former agent in the post-resignation, or post-termination, context. *See, e.g.*, *North Atlantic Instruments, Inc. v. Haber*, 188 F.3d 38, 47-48 (2d Cir. 1999); *ABKCO Music, Inc. v. Harrisong Music, Ltd.*, 722 F.2d 988, 994-95 (2d Cir. 1983); *Thin Film Lab Co. v. Comito*, 218 F. Supp. 2d 513, 520 (S.D.N.Y. 2002); *Thermo Web Systems, Inc. v. Beebe*, No. Civ. A. 00-40170-NMG, 2001 WL 311295, at *3 (D. Mass Mar. 15, 2001); *Merrill Lynch v. Evans*, No. 3-00-CV-90220, 2000 WL 33363253, at *2 (S.D. Iowa Dec. 22, 2000); *Uncle B's Bakery, Inc. v. O'Rourke*, 920 F. Supp. 1405, 1430 (N.D. Iowa 1996); *Salsbury Laboratories, Inc. v. Merieux Laboratories, Inc.*, 735 F. Supp. 1545, 1552-53 (M.D. Ga. 1988); *Abraham Zion Corp. v. Lebow*, 593 F. Supp. 551, 569 (S.D.N.Y. 1984); *Midland-Ross Corp. v. Yokana*, 185 F. Supp. 594, 598 (D.N.J. 1960); *Ed Nowogroski Ins. Inc. v. Rucker*, 971 P.2d 936, 941-42 (Wash. 1999); *Anderson Chem. Co., Inc. v. Green*, 66 S.W.3d 434, 442 (Tex. App. 2001).

- 16 -

In sum, Joseph's belated attempt to remove the case to federal court based upon his assertion of "complete ERISA preemption" should be rejected for multiple reasons.

**(ii)    AMO's Claims Are Not Preempted by Federal Labor Law**

Joseph further contends that AMO's state-law claims are completely preempted by Section 301 of the LMRA, 29 U.S.C. § 185(a) (2000). Thus, just as he claimed back in April 2003—without noticing removal then (*see* discussion *supra* at Part II.A)—Joseph argues that AMO's entire case is preempted by the LMRA because AMO's theory of damages will require the jury "to review and interpret the terms and conditions of AMO's collective bargaining agreements." *See* Def. July 2005 Mot. to Dismiss at 12; *compare with* Joseph's April 2003 Reply, at 16 (same). This argument, too, provides no basis for removal, even putting aside its tardiness.

Section 301 of the LMRA states that "suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185(a). The Supreme Court has made clear that, in order for federal jurisdiction to arise under Section 301, the claim must be one that is capable of being brought under that statutory provision. *Allis-Chalmers Corp.*, 471 U.S. 202, 212-14 (1985). "[A] suit properly brought under § 301 must be a suit either for violation of a contract between an employer and a labor organization . . . or for violation of a contract between such labor organizations." *Wooddell v. International Brotherhood of Elec. Workers, Local* 71, 502 U.S. 93, 98 (1991).

As the Supreme Court has further emphasized, the "bare fact that a [collective bargaining agreement] will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished" under Section 301. *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994); *see also Foy v. Pratt & Whitney Group*, 127 F.3d 229, 233 (2d Cir. 1997). Moreover, Section 301 does not preempt state-law claims against a defendant based upon legal rights independent of those conveyed by the terms of a collective bargaining agreement. *See Wynn v. AC Rochester*,

- 17 -

273 F.3d 153, 159 (2d Cir. 2001); *Felix*, 387 F.3d at 1164 (Plaintiffs are "asserting rights independent of the contract and are not preempted by § 301"); *Foy*, 127 F.3d at 235 (holding no complete preemption under the LMRA; "State law—not the CBA—is the source of the rights asserted by plaintiffs.").

 In  this case, AMO did not assert any violation of contractual rights under any collective bargaining agreement, but, rather, it sued Joseph to recover for his use and disclosure of competitively sensitive AMO information to another union, MEBA.  AMO, thus, was asserting rights under state law, independent of any collective bargaining agreement, and its claims, therefore, cannot be preempted by the LMRA.  *See Wynn v. AC Rochester*, 273 F.3d 153, 159 (2d Cir. 2001); *Felix*, 387 F.3d at 1164; *Foy*, 127 F.3d at 235.

 Indeed, nothing in the LMRA remotely suggests federal preemption of a state law claim predicated solely on the fact that the defendant's misappropriation of confidential information causes damages to a labor union.  In fact, the Supreme Court has made it clear that the LMRA does not apply to state law causes of action that, like here, arise independent of labor disputes:

> In extending the pre-emptive effect of § 301 beyond suits for breach of [a labor] contract, it would be inconsistent with congressional intent under that section to pre-empt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.

*Allis-Chalmers Corp.*, 471 U.S. at 212.

 In *Pennsylvania Nurses Ass'n v. Pennsylvania State Educ. Ass'n*, 90 F.3d 797, 807 (3d Cir. 1996), *cert. denied*, 519 U.S. 1110 (1997), the Court of Appeals for the Third Circuit considered LMRA preemption issues in connection with claims of fraud and breach of fiduciary duty brought against several union representatives who left the plaintiff union to work for a direct competitor.  The defendants, former employees of plaintiff union who went to work for the rival union, contended that a breach of fiduciary duty could only have arisen from the union's collective bargaining agreement, and that a determination of whether the employees had breached their duties would accordingly require interpretation of that agreement.  *Id.*  Rejecting this contention, the court concluded that the claims were not preempted by the LMRA:

- 18 -

> Counts I and II [for fraud and breach of fiduciary duty] are not grounded in
> the collective-bargaining agreement between PNA and PSO nor in any
> independent employment contracts between the employee defendants and
> PNA. *Instead, these counts are based on Pennsylvania common law*
> *which recognizes, under agency principles, a duty of loyalty by an*
> *employee to an employer*.

*Id.* (citations omitted) (emphasis added). The court concluded that even if the action could have

been grounded in federal law, it did not follow that the cause of action was necessarily

preempted: "'the plaintiff is the master of the complaint,' and 'may, by eschewing claims based

on federal law, choose to have the cause heard in state court.'" *Id.* (quoting *Caterpillar Inc. v.*

*Williams*, 482 U.S. 386, 398-99 (1987)).

As in *Pennsylvania Nurses*, AMO's case against Joseph was never predicated on the

breach of any collective bargaining agreement. To the contrary, its claim is based entirely on a

class of tortious conduct that has been expressly proscribed both by District of Columbia statute

and by common law. As a result, AMO's case does not directly implicate the LMRA, and it

would be wholly "inconsistent with congressional intent" to pre-empt District of Columbia rules

that "proscribe conduct, or establish rights and obligations, independent of a labor contract." *Id.*

at 807 (quoting *Allis Chalmers Corp.*, 471 U.S. at 212).

Nor does Joseph's reference to the Labor Management Reporting & Disclosure Act, 29

U.S.C. §§ 501-502, *see* Notice of Removal ¶ 5, give rise to any ground for removal of AMO's

case. Joseph's liability for misappropriation of agency-protected confidential information arises

under state common law principles of agency, *not* under the LMRDA or any other federal statute.

*See Pennsylvania Nurses* Ass'n, 90 F.3d at 807. Contrary to Joseph's bare assertion, Judge

Braman did not state that AMO was proceeding with a cause of action under the LMRDA.

Indeed, as Judge Braman properly instructed the jury, state common law prohibits a former agent,

"after termination of an agency," from "us[ing] or disclos[ing] to competitors the principal's

confidential, written information . . . which enable the principal to enjoy a competitive advantage

in its line of business." Ex. 8 at 40; *see also Pennsylvania Nurses Ass'n*, 90 F.3d at 807 (duties

arising under agency-principal relationships apply in context of labor union and its former employees).

To be sure, Joseph, <u>when</u> he was an officer of AMO prior to 2002, acted as a fiduciary to AMO members by virtue of the LMRDA; but there has been, and could be, no claim under the LMRDA in this case. As discussed above, AMO's case is based upon Joseph's actions <u>after</u> he resigned as an AMO officer; Section 501 of the LMRDA applies only to acts of union officials <u>while</u> they hold office. In any event, Section 501 of the LMRDA has no preemptive force with respect to state law claims. *See, e.g., Schepis v. Local Union No. 17, United Brotherhood of Carpenters & Joiners of Am.*, 989 F. Supp. 511, 515-17 (S.D.N.Y. 1998) (holding that § 501 "does not carry preemptive force" since there is no state law preemption under § 501 of the LMRDA).

Thus, similar to Defendant's ERISA preemption contention, his reliance on federal labor law as a basis for removal is misplaced.

### III.     AMO SHOULD BE AWARDED COSTS, INCLUDING ITS REASONABLE ATTORNEYS' FEES, FOR IMPROPER REMOVAL

In light of the tardy and meritless nature of Joseph's petition for removal, AMO respectfully requests that it be awarded its costs, including reasonable attorneys' fees, associated with the filing of this motion. Section 1447(c) of the removal statute provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Commentary on the 1988 Revision of Section 1447 states that the court is authorized, in its discretion, to award the foregoing costs and fees "should it find that it was improper for the defendant to remove the case."

As described in detail above, Joseph's notice of removal was improper—both procedurally and substantively. AMO, therefore, should be awarded its costs, including its reasonable attorneys' fees, associated with this remand motion. *See Schultz v. National Coalition*

*of Hispanic Mental Health & Human Servs. Org.*, 678 F. Supp. 936, 939 (D.D.C. 1988) (costs and fees awarded where no valid basis for removal). The reasoning of the court when awarding costs in *Samura v. Kaiser Foundation Health Plan, Inc.*, 715 F. Supp. 970, 972 (N.D. Cal. 1989), rings especially true in this case:

> Defendants should never have filed a petition for removal in 1989. Their arguments are makeweights at best, presumably intended to cure their earlier neglect to move in a timely fashion. They should have known that their tenuous contentions could not overcome the firmly established policy that "removal statutes are construed strictly against removal." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

*See also Knudsen v. Sammy Samuels*, 714 F. Supp. 1505, 1507 (D. Kan. 1989) (ordering costs to be assessed against defendants for improvident removal). For the same reasons, the Court should award AMO its costs associated with the instant motion.

## IV.    CONCLUSION

For the reasons stated above, this motion should be granted in its entirety, and the case should be remanded to the D.C. Superior Court.

- 21 -

Respectfully submitted,


_____/s/Stephen Weissman_____
James F. Hibey (D.C. Bar No. 203216)
Stephen Weissman (D.C. Bar No. 451063)
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 783-0800

OF COUNSEL:

Joel C. Glanstein (D.C. Bar No. 198127)
O'DONNELL, SCHWARTZ, GLANSTEIN & LILLY, LLP
Suite 1022
60 E. Forty Second Street
New York, NY 10165
(212) 370-5100

Attorneys for Plaintiff
AMERICAN MARITIME OFFICERS

Dated:  July 19, 2005

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN MARITIME OFFICERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05CV01343 (RMC) |
| ) | |
| JEROME E. JOSEPH, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Upon consideration of the Motion of American Maritime Officers to Remand Case to

D.C. Superior Court and for Costs, and any Opposition thereto, it is this ___ day of

_____, 2005, by the United States District Court for the District of Columbia,

**ORDERED,** that the motion is **GRANTED**; and it is further

**ORDERED**, that this case is **REMANDED** to the District of Columbia Superior Court;

and it is further

**ORDERED**, that Plaintiff is awarded its costs, including its attorneys' fees, associated

with the filing of this motion.


_____
Hon. Rosemary M. Collyer
United States District Judge

Copies to:

James F. Hibey, Esq.
Stephen Weissman, Esq.
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004


Raymond C. Fay, Esq.
Michael J. Schrier, Esq.
Bell, Boyd & Lloyd PLLC
1615 L Street, N.W., Suite 1200
Washington, DC 20036