# EXHIBIT 2

12-19-02

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| AMERICAN MARITIME OFFICERS, | * | |
| Plaintiff | * | |
| v. | * | Case No. 02ca7178 |
| | * | Calendar 9 |
| JEROME E. JOSEPH, | * | Judge Duncan-Peters |
| Defendant. | * | |

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court upon the Plaintiff's Motion for Preliminary Injunctive Relief. The Defendant has filed an Opposition to the Motion. In this Order, the Court also disposes of Defendant's Motion for Summary Judgment. Plaintiff filed an Opposition to the Motion for Summary Judgment, Defendant filed a Reply and Plaintiff filed a Surreply.

Plaintiff has requested a hearing on its Motion for Preliminary Injunctive Relief. Plaintiff presents no legal authority, nor could the Court locate any, that requires an oral hearing on motions for injunctive relief.

The case arises out of Defendant's prior employment with the Plaintiff and his new job providing consulting services to Plaintiff's competitors. Plaintiff is a maritime Union that provides licensed officers to shipping companies and assists them in receiving government contracts. Defendant worked for the Plaintiff for over thirty years. See Plaintiff's Motion at 1. He served as senior officer, trustee and executive vice president. See id. In December 2001, Defendant left his employment at the Union and formed his own consulting firm. See id. at 2. In

1

PLAINTIFF'S EXHIBIT 2

April 2002, Defendant agreed to provide consulting services to the National Maritime Engineers' Beneficial Association (NMEBA). See Defendant's Opposition at 5. NMEBA also is a Union that provides licensed officers to shipping companies and aids in securing government contracts. See Plaintiff's Motion at 2. Plaintiff contends that the Defendant "had access to [the Union's] most competitively-sensitive information including the wages and benefits paid to . . . members and the funding status of . . . benefit plans." See id. at 3. Plaintiff asks the Court to enjoin Defendant from "providing consulting services or otherwise disclosing any of Plaintiff's confidential information . . . until trial on the merits in this action." See Plaintiff's Proposed Order at 3.

A preliminary injunction is an extraordinary remedy that may be granted only if the moving party has clearly demonstrated all elements of a four part test: (1) that there is a substantial likelihood it will prevail on the merits; (2) that it is in danger of suffering irreparable harm during the pendency of the action, (3) that more harm will result to it from the denial of the injunction than will result to the defendant from its grant; (4) that the public interest will not be disserved by the issuance of the requested order. District of Columbia v. Eastern Trans-Waste of Maryland, 758 A.2d 1, 14 (D.C. 2000). "The most important inquiry is that concerning irreparable injury . . . because the primary justification for the issuance of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." Id. at 14-15.

2

Plaintiff has not clearly demonstrated that it is likely to prevail on the merits in this case. Plaintiff bases its claim on District of Columbia Code § 36-402(a) (2002) which states that "actual or threatened misappropriation may be enjoined." Misappropriation is defined, in relevant part, as "disclosure or use of a trade secret of another without express or implied consent by a person who . . . knew or had reason to know that the trade secret was . . . acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use." See D.C. Code § 36-401(2) (2002). Plaintiff's success depends on whether the "confidential business information used in labor contract negotiations, including the wages and benefits paid to . . . members and the funding status of . . . benefit plants" constitutes trade secrets under the law. A trade secret is defined as "information, including a formula, pattern, compilation, program, device, method, technique, or process that: derives actual or potential independent economic value, from not being generally known to, and not being readily ascertainable by, proper means by another who can obtain economic value from its disclosure or use; and is the subject of reasonable efforts to maintain its secrecy." See D.C. Code § 36-401(4) (2002).

While a jury could conceivably find that wage and benefit information constitutes confidential trade secrets, Plaintiff's allegations are too broad and undefined to lead the Court to believe that it likely will succeed at trial. Furthermore, "an agent after termination of his employment . . . may compete with his former principal, and he make take with him all the skill and information he has acquired, excluding only the property of his previous employer. An idea

3

may constitute property entitled to legal protection, but in order to do so it must be new, novel or original and must also be in some concrete form." See United States Travel Agency, Inc. v. World-Wide Travel Service Corp., 235 A.2d 788, 789 (D.C. 1967). Wage and benefit information alone do not rise to the level of new, novel or original material in some concrete form.

Courts have analyzed whether information constitutes a trade secret by examining a number of factors.

> (1) The extent to which the information is known outside of [the] business; (2) the extent to which it is known by employees and others involved in [the] business; (3) the extent of measures taken by [the employer] to guard the secrecy of the information; (4) the value of the information to [the employer] and to his competitors; (5) the amount of effort or money expended by [the employer] in developing the information; [and] (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

Reusch v. Ruesch International Monetary Services, Inc., 479 A.2d 295, 297 (D.C. 1984).

Plaintiff has alleged no facts that show that it attempted to protect or make secret its information about employee wages and benefits. Defendant is not bound to any non-compete contract clause that would limit his ability to take future employment with a competitor. Likewise, Plaintiff did not require Defendant to sign a confidentiality agreement and has no such provision in its Constitution.

Plaintiff also has not alleged any specific economic value to the alleged confidential information or any specific harm it might suffer. As Plaintiff did not

attach any affidavits to the Motion setting forth proof of its claim of irreparable harm, the Court can deny the Motion on review of the pleadings. Plaintiff merely alleges that Defendant will "inevitably" disclose the information he knows to allow NMEBA to unfairly win government contract bids. See Plaintiff's Motion at 6. The District of Columbia has not adopted the inevitable disclosure theory utilized in other jurisdictions and Plaintiff's allegations are too speculative to require injunctive relief. They are not enough to clearly demonstrate a threat of irreparable harm. Given the speculative nature of the harm and the Plaintiff's inability to show a substantial likelihood of success on the merits, the request for injunction relief must be denied.

Defendant further contends, by Motion, that summary judgment in their favor is appropriate in this case. The legal standard for a Motion for Summary Judgment is well defined. In order to succeed on a Motion for Summary Judgment, the moving party must show "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Super. Ct. Civ. R. 56(c) (2002). "A motion for summary judgment should be granted if (1) taking all reasonable inferences in the light most favorable to the nonmoving party, (2) a reasonable juror, acting reasonably, could not find for the nonmoving party, (3) under the appropriate burden of proof." Dorsky Hodgson & Partners, Inc. v. National Council of Senior Citizens, 766 A.2d 54, 56 (D.C. 2001) (citing Nader v. de Toledano, 408 A.2d 31, 42 (D.C. 1979)). While the moving party in a motion for summary judgment bears a heavy burden, the non-moving party "may not rest upon the mere allegations or denials of the adverse party's

5

pleading." Super. Ct. Civ. R. 56(e) (2002). Rather, the response of the non-moving party "must set forth specific facts showing there is a genuine issue for trial." Id.

While Plaintiff's arguments do not support immediate injunctive relief, a jury, viewing the facts in a light most favorable to the Plaintiff, could find the threat of misappropriation in Defendant's actions. The parties dispute the scope of what information is at stake to be misappropriated. Additionally, Defendant argues that only labor costs, negotiating capabilities and wage and benefit information used in securing government contracts is at issue. See Defendant's Motion for Summary Judgment at 9. Plaintiff, on the other hand, asserts that a "unique methodology, or formula, used . . . in determining the funding and allocations of all contributions to . . . plans" is being misappropriated. See Plaintiff's Opposition to the Motion for Summary Judgment at 4. Determining the exact scope and nature of the information possessed by the Defendant is crucial in determining whether that information indeed constitutes a trade secret. The weighing of the facts necessary to make that determination is proper for the trier of fact at trial. Furthermore, whether the alleged trade secrets lose their secretiveness by way of being publicly available can only be determined through specific fact finding.

The parties also dispute whether the alleged trade secrets have independent economic value. Plaintiff contends that the information gives its competitor Unions an elevated bargaining position in attempts at securing government contracts. See Plaintiff's Opposition to the Motion for Summary

Judgment at 12. Defendant contends that Plaintiff does not directly compete with his consulting client and therefore the information has no independent economic value. See Defendant's Reply at 2. This is a material fact in dispute better suited for trial than for resolution by summary judgment.

Defendant also contends that Plaintiff made no discernable efforts to keep the information confidential. Plaintiff however, states that the Defendant was responsible for implementing a confidentiality procedure for the Union. See Plaintiff's Opposition at 5. This, too, is a dispute over material facts.

For the foregoing reasons, it is this 19th day of December 2002,

**ORDERED** that Plaintiff's Motion for Preliminary Injunction is **DENIED**. It is

**FURTHER ORDERED** that Defendant's Motion for Summary Judgment is **DENIED**.

*Stephanie Duncan-Peters*
**Stephanie Duncan-Peters**
**Associate Judge**
**Signed in Chambers**

**Copies to:**

Raymond C. Fay, Esq.
Michael J. Schrier, Esq.
Bell, Boyd & Lloyd, PLLC
1615 L Street, N.W., Suite 1200
Washington, D.C. 20036

Edward P. Henneberry, Esq.
Stephen Weissman, Esq.
Hugh B. Stuart, Esq.
Howery Simon Arnold & White, LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004