# EXHIBIT 6

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| AMERICAN MARITIME OFFICERS, | ) FILED UNDER SEAL— |
| | ) PURSUANT TO STIPULATED |
| | ) PROTECTIVE ORDER |
| Plaintiff, | ) |
| | ) Civil Action No. 02-CA-7178 |
| v. | ) Calendar 4 – Civil I |
| | ) Judge Leonard Braman |
| JEROME E. JOSEPH, | ) Next Event: Trial Commences on |
| | ) May 3, 2005 |
| Defendant. | ) |

### PLAINTIFF'S TRIAL BRIEF

James F. Hibey (D.C. Bar No. 203216)
Stephen Weissman (D.C. Bar No. 451063)
HOWREY SIMON ARNOLD & WHITE, LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 783-0800

Dated: April 26, 2005

Attorneys for Plaintiff
AMERICAN MARITIME OFFICERS



PLAINTIFF'S EXHIBIT 6

Confidential Contribution Letter should be done according to the confidentiality policy established by AMO. Thus, Joseph's contention that federal labor law "preempts" AMO's claim of trade secret status for its Confidential Contribution Letters not only contradicts Joseph's own statements and conduct, but disregards the DOL's determination and agreement that the Confidential Contribution Letter is, indeed, a trade secret.

  Similarly, Joseph's assertion that all of AMO's trade secrets are available from government web sites and under the Freedom of Information Act ("FOIA") badly misstates the facts. Joseph has admitted that the AMO Contribution Rate Sheet, including its formula, is <u>not</u> publicly available. Likewise, he candidly concedes that <u>no</u> AMO Confidential Contribution Letter prepared in connection with commercial contracts has ever been made publicly available, on any web site, through FOIA, or otherwise. Joseph Dep. at 109, 184-85. Thus, his claim that AMO Contribution Letters are "publicly available" through government web sites and FOIA solely boils down to a small minority of prior Confidential Contribution Letters that were recently posted, without AMO's knowledge or authorization, on a web site in connection with expiring government contracts for which an AMO-contracted company was the incumbent. Joseph believes that AMO Confidential Contribution Letters should <u>not</u> be posted on a web site or made available through FOIA, *see* 5 U.S.C. § 552(b)(4) (exempting from FOIA disclosure any "trade secrets and commercial or financial information obtained from a person and privileged or confidential"), and AMO has taken prompt steps to help prevent any further disclosure of Confidential Contribution Letters. Indeed, Joseph testified that he was "surprised and shocked" that letters appeared on the MSC web site. Joseph Dep. at 105. That a small fraction of expiring Confidential Contribution Letters have been made public (and improperly so) does not mean that AMO's other Confidential Contribution Letters, including those prepared in connection with commercial contracts and other RFPs, are not entitled to trade secret status.

  Finally, Joseph's argument that AMO failed to take reasonable steps to secure its trade secrets due to AMO's lack of a formal, written confidentiality agreement with its officers, employees, and members is contrary to law. The decided cases under the UTSA have held that

the lack of a formal confidentiality agreement between an employer and its employees is not determinative of whether the company took reasonable steps to ensure the secrecy of trade secrets. *See Ulico Cas. Co. v. Professional Indem. Agency, Inc.*, 1999 U.S. Dist. LEXIS 8591, *15 (D.D.C. May 5, 1999) (rejecting defendant's argument that the absence of confidentiality and non-compete agreements are sufficient to demonstrate lack of reasonable efforts to maintain the secrecy of trade secret information); *Swift Bros. v. Swift & Sons, Inc.*, 921 F. Supp. 267, 277 (E.D. Pa. 1995) (cited with approval by the *Ulico* court). To the contrary, "confidential relationships do not have to be expressly established, but instead may be implied" when the facts suggest a special relationship was involved. *Ulico*, 1999 U.S. Dist. LEXIS 8591, at *15 (quoting *Default Proof Credit Card Sys., Inc. v. State Street Bank & Trust Co.*, 753 F. Supp. 1566, 1573 (S.D. Fla. 1990)). Here, it cannot be seriously disputed that Joseph had a duty of loyalty to AMO and its membership by virtue of his status as both an officer[7] and Trustee,[8] and that he has had a legal obligation **not** to use any confidential information derived from AMO. *See Group Association Plans, Inc. v. Colquhoun*, 151 U.S. App. D.C. 298, 466 F.2d 469, 473-74 (D.C. Cir. 1972) (holding that the nature of the employer-employee relationship is essentially fiduciary in nature and that a former employee must not use confidential information gained from his employment against his former principal); *Bond*, 732 A.2d at 977 ("'as a general rule, a former employee is obligated not to disclose or use the confidential information acquired during his employment'") (citations omitted). As will be shown at trial, the confidentiality policies implemented by AMO (including Joseph) are more than sufficient to establish the reasonableness of AMO's steps to secure all of its trade secrets.

---

[7] *See* 29 U.S.C. § 501 (establishing "fiduciary responsibility of officers of labor organizations").

[8] Joseph Dep. at 194 (Joseph admits that, as a Trustee, he occupied a "fiduciary" status). *See also* 29 U.S.C. § 1002 & 29 U.S.C. § 1005(c)(1)(B).