# EXHIBIT 7

CC:

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Civil Division

|  |  |
|---|---|
| AMERICAN MARITIME OFFICERS, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> JEROME E. JOSEPH, : <br> : <br> Defendant. : | Civil Action No. 02ca7178 <br> Calendar 4 – Civil I <br> Judge Herbert B. Dixon, Jr. |

### MEMORANDUM OPINION AND ORDER
(Denying Defendant's Second Renewed Motion for Summary Judgment)

Defendant has moved for summary judgment on the sole Count of the complaint, which alleges, under the District of Columbia Uniform Trade Secrets Act,[1] that defendant misappropriated one or more trade secrets of the plaintiff. Defendant contends that the plaintiff "has no statutorily protected trade secrets . . . , has no proof of any actual or threatened misappropriation of trade secrets and . . . has no proof of causation for its alleged damages." (Def.'s 2nd Renewed Mot. for Summ. J. at 1.)

Upon consideration of defendant's motion, plaintiff's opposition, defendant's reply, plaintiff's surreply, and the entire record herein, this court concludes that there exist genuine issues of material fact regarding the existence of a protected trade secret and the misappropriation of any such trade secret. Accordingly, defendant's motion for summary judgment shall be denied.

---

[1] District of Columbia Uniform Trade Secrets Act ("DC USTA"), D.C. Code §§ 36-401—36-410 (2003).

PLAINTIFF'S EXHIBIT 7

I.  **BACKGROUND**

Defendant moves for summary judgment in this case, arguing that no genuine issue of material fact exists. Defendant first moved for summary judgment on October 11, 2002. Judge Duncan-Peters denied that motion on December 20, 2002. ("December 2002 Order.")

Defendant renewed his motion for summary judgment on March 5, 2003. By order dated May 19, 2003, this court denied that motion without prejudice, pending further discovery. Defendant filed a second renewed motion for summary judgment on August 11, 2003. Plaintiff filed an opposition to the second renewed motion for summary judgment on August 25, 2003 and filed a supplement thereto on January 8, 2004. In response to the plaintiff's opposition, the defendant filed a reply on September 2, 2003; plaintiff then filed a surreply on September 8, 2003.

II.  **STANDARD FOR SUMMARY JUDGMENT**

A party may move for summary judgment pursuant to Superior Court Civil Rule 56. According to Superior Court Civil Rule 56 (c), summary judgment should be granted if the pleadings, depositions, answers to interrogatories, admissions, and affidavits on file demonstrate that there is no genuine issue of material fact and that, as a result, judgment should be granted as a matter of law. *See Murphy v. Army Distaff Foundation, Inc.*, 458 A.2d 61, 62 (D.C. 1983); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of proving the absence of a genuine issue of material fact. *See Brown v. GMAC*, 490 A.2d 1125, 1126 (D.C. 1985); *Pagan v. Horton*, 464 A.2d 146, 147 (D.C. 1983).

Conclusory allegations will not suffice to defend a motion for summary judgment. *See, e.g., Musa v. Continental Ins. Co.*, 644 A.2d 999, 1002 (D.C. 1994). To the contrary, the non-moving party must make out a prima facie case in support of its claim in order to advance to trial. *See Smith v. Washington Metro. Area Transit Authority*, 631 A.2d 387, 390 (D.C. 1993) (*citing Nader v. De Toledano*, 408 A.2d 31, 48 (D.C. 1979)).

III.    DISCUSSION

   A.    **Trade Secret**

In support of his motion for summary judgment, defendant asserts that plaintiff has not proved the implication of any trade secret under the District of Columbia Uniform Trade Secrets Act ("DC USTA"), D.C. Code §§ 36-401—36-410 (2003).

The first element of a trade secret under the DC USTA is that the plaintiff must derive actual or potential value from the information, and the information must not be known to or readily ascertainable by someone who could obtain economic value from its disclosure or use. D.C. Code § 36-401 (4)(A) (2003). Plaintiff claims that defendant obtained trade secrets, including but not limited to benefits and other contract information, as a result of his thirty-four year employment with plaintiff.[2] Plaintiff contends that because the defendant is now employed by plaintiff's competitor, plaintiff has had to reduce its bids on various contracts, and therefore did not realize profits as great as it otherwise would have. (Pl.'s Memo. Opp'n to Def.'s 2nd Renewed Mot. for Summ. J. at 21-24.) Defendant counters that plaintiff has won each of the contracts in question, and therefore has not been damaged by any alleged disclosure of information by defendant. (Def.'s Memo. in Support of 2nd Renewed Mot. for Summ. J. at 7, n. 4.) After consideration of the record herein, the court concludes that there are material facts in disputed concerning the issues of whether plaintiff (1) derived value from the alleged trade secrets and (2) suffered damages in the form of loss in value of misappropriated trade secrets.

The second element of a trade secret under the DC USTA is that the plaintiff must have taken reasonable efforts to maintain the secrecy of the information. D.C. Code § 36-401 (4)(B) (2003). The defendant claims that the information at issue is available online to the public and to the plaintiff's employees at their request. (Def.'s Memo. in Support of 2nd Renewed Mot. for

---

[2] Most factual details are not included in this Memorandum Opinion and Order, due to many of the pleadings in this case being subject to a protective order.

3

Summ. J. at 5-6.) In opposition, the plaintiff alleges that the defendant himself took measures while working for the plaintiff to ensure the confidentiality of the information at issue. (Pl.'s Memo. Opp'n to Def.'s 2nd Renewed Mot. for Summ. J. at 5-17, 27-39.)

The parties disagree as to exactly what material is available to the public. Also disputed is whether the plaintiff required confidentiality agreements regarding the material, and what form those confidentiality agreements took. Whereas plaintiff claims oral and some form of written confidentiality agreements existed, defendant claims no confidentiality agreements existed that bind his current actions. These facts are material because they go to the issue of whether the plaintiff took reasonable measures to maintain the security of the information as required under section 36-401(4)(B) of the District of Columbia Code. (*See also* December 2002 Order at 6-7.) Clearly, these material facts are in dispute.

### B.   Misappropriation

Even assuming for the sake of argument that the information at issue did constitute one or more trade secrets, there exist genuine issues of material fact with regard to whether the defendant misappropriated the information. In support of his motion for summary judgment, defendant asserts that there has been no actual or threatened misappropriation of trade secrets in this case. (Def.'s Memo. in Support of 2nd Renewed Mot. for Summ. J. at 6-8.)

To constitute misappropriation under section 36-401 (2) of the DC USTA, plaintiff must prove either (1) the "[a]cquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means;" or (2) "disclosure or use of a trade secret of another without express or implied consent by a person who:

(i) Used improper means to acquire knowledge of the trade secret; or

(ii) At the time of disclosure or use, knew or had reason to know that the trade secret was:

    (I) Derived from or through a person who had utilized improper means to acquire it;

    (II) Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use;

    (III) Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or

(iii) Before a material change in his position, knew or had reason to know that the information was a trade secret and knowledge of the trade secret had been acquired by accident or mistake.

D.C. Code § 36-401 (2)(B) (2003).

Defendant states that he does not possess any trade secrets of the plaintiff. (Def.'s 2nd Renewed Mot. for Summ. J. at 6-8.) Furthermore, the defendant argues that he never verbally disclosed any of the information claimed by the plaintiff to be trade secrets. (*Id.*) Finally, the defendant claims that the plaintiff has no evidence of any threatened misappropriation of the alleged trade secrets by the defendant. (*Id.* at 7-8.)

Plaintiff accuses the defendant of retaining documents obtained while employed by the plaintiff, thereby misappropriating trade secrets those documents contain. (Pl.'s Memo. in Opp'n to Def.'s 2nd Renewed Mot. for Summ. J. at 19-21.) Further, the plaintiff alleges that the defendant poses a significant threat of misappropriating that information, due to (among other things) the knowledge he gained during his prior employment with the plaintiff. (Pl.'s Memo. in Opp'n to Def.'s 2nd Renewed Mot. for Summ. J. at 39-44.) Defendant denies these allegations.

These facts are material because they relate to the issue of whether the defendant misappropriated trade secrets of the plaintiff, as prohibited by sections 36-401 through 36-410 of the District of Columbia Code. (*See also* December 2002 Order.)

### C. Causation

This court also concludes that there exist genuine issues of material fact as to the issue of causation. Upon review of the definitions of "trade secret" and "misappropriation" under the District of Columbia Code, it appears that issues of causation and damages are inextricably intertwined with the issue of misappropriation. If, for the sake of argument, defendant did misappropriate information belonging to the plaintiff, and if, for the sake of argument, that information is considered to be a trade secret under D.C. law, then, on that sole basis, defendant may have caused plaintiff to incur damages. *See* D.C. Code § 36-401 (4)(A) (2003). Accordingly, the defendant is not entitled to summary judgment solely on the issue of causation.

### D. Law of the Case

The plaintiff argues that the law of the case doctrine should apply, and that as a result of that doctrine, defendant's second renewed motion for summary judgment should be denied solely on the grounds that Judge Duncan-Peters previously denied defendant's first motion for summary judgment. (*See* Pl.'s Memo. in Opp'n to Def.'s 2nd Renewed Mot. for Summ. J. at 25-27.)

The law of the case doctrine applies if three requirements are met. First, the motion under consideration must be substantially similar to that considered by the first court. Second, the first court's ruling must be sufficiently final. Third, the first court's ruling must not be clearly erroneous. *Pannell v. District of Columbia*, 829 A.2d 474, 477-78 (D.C. App. 2003) (*quoting P.P.P. Productions, Inc. v. W & L, Inc.*, 418 A.2d 151, 152 (D.C. 1980)).

Although this court denies the second renewed motion for summary judgment on the merits, it holds that in the alternative, the motion would be denied based on the law of the case doctrine. The first requirement of *Pannell* is satisfied because defendant's second renewed motion for summary judgment is substantially similar to the original. In both motions, the defendant argues that the plaintiff has not made out a prima facie case, that plaintiff wrongfully

6

alleges certain information to constitute trade secrets, and that defendant did not misappropriate any of plaintiff's trade secrets. Furthermore, there has been no change in the law affecting the present case. The second and third requirements of the *Pannell* test also are easily met because Judge Duncan-Peters' December 2002 Order denying defendant's original motion for summary judgment was sufficiently final, and because the ruling by Judge Duncan-Peters is not clearly erroneous.

## IV. CONCLUSION

In accordance with the foregoing, this court denies defendant's second renewed motion for summary judgment.

**THEREFORE**, it is by the court this 4th day of February 2004

**ORDERED**, that the defendant's motion for summary judgment shall be and is hereby **DENIED**.

**Herbert B. Dixon, Jr.**
**Judge**

Order filed electronically and distributed by LexisNexis File and Serve

Copy to: See Next Page

Copy to:

Raymond C. Fay, Esquire
Michael J. Schrier, Esquire
BELL, BOYD & LLOYD, PLLC
1615 L Street, NW, Suite 1200
Washington, DC 20036

Edward P. Henneberry, Esquire
Stephen Weissman, Esquire
Hugh B. Stuart, Esquire
HOWREY SIMON ARNOLD & WHITE, LLP
1299 Pennsylvania Ave, NW
Washington, DC 20004