# EXHIBIT 8

### Agency - Duty As To Confidential Information After Termination

It is conceded and you are instructed that Mr. Joseph, while he was the executive vice president of AMO and the principal trustee of the benefit plans of the union, was in contemplation of the law both an agent and trustee for AMO and its members who were his principals and beneficiaries. An agent and trustee both serve in a fiduciary capacity. They owe a duty, which requires them to act honorably and in good faith. Under federal law, union officers occupy fiduciary relationships to their union and its members. I will instruct you first on the duties of an agent after termination of the agency. After that, I will instruct you on the duties of a trustee after his resignation.

You are instructed that, after the termination of an agency, an agent nevertheless continues to owe certain duties to his principal. One of the agent's duties is not to use or disclose to competitors the principal's confidential, written information dealing with processes or compilations or other similar confidential matters that the principal kept secret and which enable the principal to enjoy a competitive advantage in its line of business. This duty applies even though there is no contract between the agent and principal prohibiting disclosure or use of such confidential information.

PLAINTIFF'S EXHIBIT 8

## Agency – Permissible Activity After Agency Termination

You are instructed that an agent is not forbidden from engaging in his craft or business after he terminates his job or agency with his employer. The agent is then entitled to use general nonconfidential information concerning the methods of business of the principal as well as those processes of the principal's business that are but skillful variations of general processes known to the particular trade. Further, a former agent is entitled to use in competition with his former employer any skills he may have acquired during that employment. He is not however, entitled to compete with his former employer by using, in addition to his acquired skills, secret information [such as cost data and processes used by his former employer in bidding competively for contracts,] which information the former agent was acquainted with from his former employment.

## **Agency – Trustee's Duties After Termination of Trust**

I will now instruct you on the relevant duties of a trustee. Mr. Joseph, apart from being AMO's executive vice president, was another kind of agent. He was also the lead trustee for the fringe benefit trusts and plans of AMO's members who were the beneficiaries. Although his resignation included the trusts, he nevertheless remained subject to a duty owed to the trusts beneficiaries not to take advantage of the beneficiaries by the use of information acquired by him as trustee or vice president, or to disclose to a third person information which he had acquired as trustee when he knew or should have known that the effect of such disclosure would be detrimental to the interests of the beneficiaries.

47

### Misappropriation – By Use Or Disclosure

The second way a trade secret or confidential information in the hands of an agent can be misappropriated is by use or disclosure of the protected information without the consent of the owner when the wrongdoer knows or should know that the protected information belongs to another. The use or disclosure to which I now refer may be in oral or written form.

It is undisputed that Joseph knew the information belonged to AMO and its members and that he further knew that, after his resignation, he was forbidden to use or disclose it. The question for the jury is whether he did in fact use or did in fact disclose the protected information after his resignation. Either use or disclosure is forbidden. Again, AMO has the burden of proof on this issue.