# EXHIBIT 9

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| AMERICAN MARITIME OFFICERS : | |
| Plaintiff : | |
| v. : | Civil Action No. 02-Ca-7178 |
|  : | Senior Judge Leonard Braman |
| JEROME E. JOSEPH : | |
| Defendant : | |

**SPECIAL VERDICT FORM**

FILED
IN OPEN COURT
JUL 0 7 2005
Superior Court
of the District of Columbia
Washington, D.C.

1. <u>Trade Secret</u>

   (a). Did the Contribution Rate Sheets constitute a trade secret?

   

   _____      ___✓___
      Yes              No

   (b). Did the Confidential Contribution Letters constitute a trade secret?

   

   ___✓___         _____
      Yes              No

   (c). Did the information on the financial health and status of the AMO's benefit plans constitute a trade secret?

   

   _____      ___✓___
      Yes              No

   (If your answer to each part of question 1 above is "Yes," skip question 1 (d) and proceed to answer (2). If your answer to

Docketed 7-7-05              1

Case: 2002 CA 007178 B



PLAINTIFF'S
EXHIBIT
9

one or two parts of question 1 above is "Yes," or if you answered each part of question 1 above "No," proceed to answer question 1 (d)).

(d). Although none or less than all of the three subjects mentioned above constitute a trade secret considered alone, did the three subjects in combination constitute a trade secret?

  ✓
---------      ---------
 Yes              No

(If you have answered <u>all</u> four parts of question 1 "Yes," you should skip question 2 and proceed to answer question 3. For every question in 1 (a) – 1 (c) to which you answered "No," you should answer the counterpart question in 2. Specifically, if you answered 1 (a) "No," you should answer 2 (a). If you answered 1 (b) "No," you should answer 2 (b). If you answered 1 (c) "No," you should answer 2 (c). For every subpart of question 1 (a) – 1 (c) to which you answered "Yes," you should skip the counterpart question in 2.)

2. <u>Confidential Information – Agent/Trustee</u>

   (a). Did the Contribution Rate Sheets constitute protectable, confidential information as respects each of the following positions Joseph held with AMO? (answer as to both):

   (i)    as executive vice president (agent)

     ✓
   ---------      ---------
    Yes              No

   (ii)   as a trustee for the benefit plans

     ✓
   ---------      ---------
    Yes              No

   (b). Did the Confidential Contribution Letters constitute protectable, confidential information as respects each of the following positions Joseph held with AMO? (answer as to both):

2

  (i)  as executive vice president (agent)

    ✓ Yes    ___ No

  (ii)  as a trustee for the benefit plans

    ✓ Yes    ___ No

(c). Did the information on the financial health and status of the AMO's benefit plans constitute protectable, confidential information as respects each of the following positions Joseph held with AMO? (answer as to both):

  (i)  as executive vice president (agent)

    ✓ Yes    ___ No

  (ii)  as a trustee of the benefit plans

    ✓ Yes    ___ No

(If you answered all of questions 1 and 2 (and their subparts) "No," your deliberations are at an end and you need answer no further questions. Your foreperson should sign and date this verdict form. If your answer to any subpart of questions 1 or 2 was "Yes," you should proceed to answer both parts of question 3.)

3. <u>Misappropriation</u>

  (a). Did the defendant Joseph acquire plaintiff AMO's records and papers by improper means?

    ✓ Yes    ___ No

3

(b). Did Joseph make use of or disclose AMO's protected, confidential Information (whether trade secret(s) or other protected, confidential information) to Maritime Engineers' Beneficial Association without AMO's consent?



~~Yes~~          No

(If your answer is "Yes" to both parts of question 3, or "Yes" to 3(b) alone, proceed to question 4. If your answer to question 3(b) is "No," your deliberations are at an end, and your foreperson should sign and date this form of verdict.)

4. <u>Damages</u>

   (a.) Did AMO's members suffer financial losses as a proximate cause of the defendant's misappropriation(s)?

   

   ~~Yes~~          No

   (If your answer is "No," skip question (b). Your foreperson should sign and date this form. If your answer is "Yes," answer question (b).)

   (b). What sum of money will fairly and reasonably compensate plaintiff's members for all losses they have suffered?

   $ 8,486,381.46

Dated: July 7, 2005          Brian /s/
                             Foreperson /74
                             #7 Juror

4