UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN MARITIME OFFICERS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JEROME E. JOSEPH, ) <br> ) <br> Defendant. ) <br> ) | Case No. 1:05CV01343 (RMC) |

**PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING
RULING ON MOTION TO REMAND TO D.C. SUPERIOR
COURT, INCLUDING SUPPORTING POINTS AND AUTHORITIES,
--AND--
<u>REQUEST FOR EXPEDITED CONSIDERATION</u>**

Plaintiff American Maritime Officers ("Plaintiff" or "AMO") respectfully moves for an Order staying proceedings in this Court pending its ruling on Plaintiff's Motion to Remand Case to D.C. Superior Court and for Costs ("Motion to Remand"), which AMO filed on July 19, 2005. Given the fast-approaching deadlines for certain filings and other matters under the Court's Order for Initial Scheduling Conference, Plaintiff also respectfully requests that this motion to stay be considered by the Court on an expedited basis. In support of this motion to stay, Plaintiff states as follows:

1. This action, commenced some three years ago in District of Columbia Superior Court, was removed to this Court on July 6, 2005 by a Notice of Removal filed by Defendant Jerome E. Joseph ("Defendant" or "Joseph"). Joseph waited to file his Notice of Removal until after the close of evidence in a week-long jury trial in D.C. Superior Court that resulted in an $8,486,381.46 jury verdict against him.

2. Plaintiff filed its Motion to Remand because Joseph's Notice of Removal was improper—both procedurally and substantively. As detailed in Plaintiff's Memorandum in

Support of its Motion to Remand, Joseph's petition for removal was both untimely and, in any event, rested on insufficient grounds to warrant removal to federal court. In essence, notwithstanding three years of substantial proceedings in D.C. Superior Court, including full-blown discovery, numerous motions and rulings, and a week-long jury trial, Joseph seeks to relitigate afresh in this Court the entire case that just concluded in Superior Court.

3. On July 11, 2005, Joseph filed a Motion to Dismiss in this Court. On July 14, 2005, the Court issued an Order for Initial Scheduling Conference, which requires the parties to meet and confer by July 28, 2005, and to file a Local Rule 16.3(d) Report within fourteen days thereafter.

4. A district court has the inherent power to stay its proceedings. This power to stay a case is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In considering a motion for stay, courts consider both the interest of judicial economy and the potential prejudice or hardship to the parties. *See Bd. of Trs. of the Teachers' Ret. Sys. of the State of Ill. v. WorldCom, Inc.*, 244 F. Supp. 2d 900, 905-06 (N.D. Ill. 2002). A district court may stay proceedings even where subject-matter jurisdiction is uncertain. *See id.* at 902; *Walker v. Merck & Co., Inc.*, 05-CV-360-DRH, 2005 U.S. Dist. LEXIS 13693 (S.D. Ill. June 22, 2005), at *6.

5. Here, judicial economy decidedly favors a stay until the remand motion is decided. Without such a stay, the parties and their counsel will be required to expend time and resources on matters that would be unnecessary and would be obviated if the case is remanded to D.C. Superior Court, where the parties already attended to substantially identical matters over the course of the past three years. Furthermore, absent a stay, there may be additional motions practice that would unnecessarily consume the time and resources of the Court, the parties, and their counsel if remand is ordered, as is evidenced by the filing of Joseph's Motion to Dismiss on July 11, 2005. Indeed, Joseph's Motion to Dismiss highlights the inefficiencies that would occur

without a stay, as it includes arguments directed to this Court that already have been rejected by the D.C. Superior Court.

6. Nor would a stay pending decision of Plaintiff's Motion for Remand prejudice the Defendant in any way, as he, too, would benefit from conservation of resources that would need to be expended if there is no stay.

7. Defendant's counsel has indicated to Plaintiff's counsel that Defendant opposes this motion and that he also will be opposing the dispositive Motion for Remand.

WHEREFORE, Plaintiff AMO respectfully requests that this Court grant this Motion to Stay, that it stay all proceedings in this Court pending a ruling on Plaintiff's Motion for Remand of Case to D.C. Superior Court and for Costs, and that it grant such further and other relief as the Court deems just and appropriate.

Respectfully submitted,

　　　　/s/Stephen Weissman　　　　
James F. Hibey (D.C. Bar No. 203216)
Stephen Weissman (D.C. Bar No. 451063)
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 783-0800

OF COUNSEL:

Joel C. Glanstein (D.C. Bar No. 198127)
O'DONNELL, SCHWARTZ, GLANSTEIN & LILLY, LLP
Suite 1022
60 E. Forty Second Street
New York, NY 10165
(212) 370-5100

Dated: July 20, 2005

Attorneys for Plaintiff
AMERICAN MARITIME OFFICERS

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing Motion to Stay Proceedings Pending Ruling on Motion to Remand to D.C. Superior Court, Including Supporting Points and Authorities, to be served electronically this 20th day of July 2005 upon:

>Raymond C. Fay, Esq.
>Michael J. Schrier, Esq.
>Bell, Boyd & Lloyd PLLC
>1615 L Street, N.W., Suite 1200
>Washington, D.C. 20036
>
>Counsel for Defendant

>>/s/Stephen Weissman
>>Stephen Weissman