UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN MARITIME OFFICERS  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>JEROME E. JOSEPH  )<br>)<br>Defendant.  )<br>) | No.  05-CV-1343 (RMC) |

**DEFENDANT'S MOTION**
**TO ENJOIN SUPERIOR COURT PROCEEDINGS**

    Defendant Jerome E. Joseph, by his attorneys, respectfully moves the Court for an order enjoining further proceedings in the District of Columbia Superior Court in *American Maritime Officers v. Joseph*, Civil No. 2002 CA 007178 B.  The instant case was removed to this Court on July 6, 2005.  The Superior Court, despite immediate notice of the removal and numerous requests not to proceed, proceeded to conclude a jury trial and commence post-trial proceedings.  Because the removal statute is clear that, upon the filing of the removal notice, the "state court shall proceed no further unless and until the case is remanded," 28 U.S.C. § 1446(d), and because the continuation of void proceedings in the Superior Court results  in a wasteful use of resources, the Superior Court should be enjoined from conducting further proceedings in the case.

83212/F/1

Pursuant to Local Civil Rule 7(m), counsel for defendant discussed this motion with opposing counsel prior to its being filed, and opposing counsel indicates that he opposes the relief sought.

Dated:  July 22, 2005                                          Respectfully submitted,

                                                                                  /s/  Raymond C. Fay
                                                                             Raymond C. Fay #188649
                                                                             Michael J. Schrier #444693
                                                                             BELL, BOYD & LLOYD PLLC
                                                                             1615 L Street N.W., Suite 1200
                                                                             Washington, D.C. 20036
                                                                             (202) 466-6300
                                                                             (202) 463-0678 Facsimile
                                                                             rfay@bellboyd.com

                                                                             Attorneys for Defendant
                                                                             Jerome E. Joseph

## CERTIFICATE OF SERVICE

I, Raymond C. Fay, hereby certify that on this 22nd day of July, 2005, I caused a copy of the foregoing Defendant's Motion To Enjoin Superior Court Proceedings, Memorandum in Support of Defendant's Motion To Enjoin Superior Court Proceedings; Declaration of Raymond C. Fay and Exhibits, and proposed Order to be served by electronic mail upon:

> James F. Hibey, Esq.
> Stephen Weissman, Esq.
> Howrey Simon Arnold & White LLP
> 1299 Pennsylvania Avenue, N.W.
> Washington, D.C. 20004

and by hand delivery upon:

> The Honorable Leonard Braman
> Senior Judge, District of Columbia Superior Court
> 500 Indiana Avenue, NW, Room 3440
> Washington, D.C. 20001
>
> Clerk
> Superior Court of the District of Columbia
> 500 Indiana Avenue, N.W.
> Room JM-170
> Washington, D.C. 20001

             /s/ Raymond C. Fay
             Raymond C. Fay

83212/F/1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN MARITIME OFFICERS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JEROME E. JOSEPH )<br>)<br>Defendant. )<br>) | No.  05-CV-1343 (RMC) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
TO ENJOIN SUPERIOR COURT PROCEEDINGS**

Defendant Jerome E. Joseph, by his attorneys, submits this memorandum in support of his Motion to Enjoin Superior Court Proceedings.  This motion is necessary because, despite removal of this case on July 6, 2005 and despite notice and requests to the District of Columbia Superior Court to cease proceedings in that forum, the Superior Court has refused to comply with the removal process.  This has resulted not only in proceedings that are in defiance of the federal removal statute but also in wasteful, void proceedings.  An injunction is necessary to stop the Superior Court from further action in contravention of the federal removal statute.

**FACTS**

Plaintiff American Maritime Officers (AMO) commenced a single-count action in August 2002 against Joseph in the District of Columbia Superior Court for violation of the District of Columbia Trade Secrets Act, D.C. Code §§ 36-401 to 36-410 (2001) (Exhibit 1, attached to the accompanying Declaration of Raymond C. Fay).  AMO complained that Joseph, a former AMO officer and trustee of AMO employee benefit plans (pension, medical, vacation and

83212/F/1

other ERISA and non-ERISA plans), misappropriated certain collectively bargained wage and benefit information in a post-retirement consulting job with another union. Joseph defended the case on the basis that the information was not a trade secret and was publicly available, and that he did not misappropriate any of the alleged trade secrets.

After discovery and pretrial motion practice, the case was set for jury trial commencing June 28, 2005. On July 1, 2005, AMO filed an amended complaint pursuant to earlier leave of court (Exhibit 2). The amended complaint was identical in all respects to the original complaint, except that it asserted that AMO was seeking damages on behalf of its members in addition to damages in its own right.

Late in the afternoon of July 5, 2005, after the close of the evidence, the Superior Court, Senior Judge Leonard Braman presiding, distributed written jury instructions. Those instructions announced for the first time that AMO had a "second claim" based on Joseph's alleged breach of fiduciary duties as an officer and trustee, not in relation to trade secrets but in relation to "agency-protected, confidential information" (Exhibit 3). The second claim was added to the case by the court *sua sponte*, not in response to any request by AMO. Within minutes of adding the second claim to the case, Judge Braman denied Joseph's objections to the jury instructions.

The next morning, July 6, 2005, when this Court and the Superior Court opened for business, Joseph removed the case on the basis that the new claim for breach of fiduciary duty was preempted by ERISA and federal labor law (Exhibit 4, Notice of Removal). Joseph informed the Superior Court of the removal and asked for a one-hour continuance of the scheduled closing arguments to allow time for the removal notice to be filed in the Superior Court (a computer problem in this Court's clerk's office delayed the filing slightly). Judge Braman refused the request and ordered the parties to proceed with closing arguments. At

approximately 10:30 a.m., Joseph hand-served upon the court and counsel for plaintiff copies of the removal notice that had been filed with the D.C. Superior Court electronically earlier that morning. Despite the notice of removal, the Superior Court proceeded to instruct the jury. The jury reached a verdict against Joseph on July 7, 2005, and the court entered judgment the same day (Exhibit 5).

After the Superior Court set a status hearing for July 14, 2005 to consider injunctive relief, counsel for Joseph wrote to Judge Braman again asking him to conduct no further proceedings in the case in light of the removal of his jurisdiction (Exhibit 6). The court did not grant the request and, in the course of two status hearings, proceeded to establish a briefing schedule, running through August 12, 2005, on injunctive relief (Exhibit 7).

## ARGUMENT

An injunction is necessary to stop the Superior Court from engaging in further acts in this removed case, and to vacate the null, void actions of the Superior Court that occurred after removal of the case on July 6, 2005. It is clear from the Superior Court's course of action since removal that it has no intention of ceasing to act in a case in which it no longer has jurisdiction. It is equally clear that this Court may and should enjoin the Superior Court to protect its own jurisdiction and the integrity of the federal removal statute.

Upon the serving of copies of the notice of removal on the plaintiff and the clerk of the Superior Court, removal of the entire case to this Court became effective "and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). "[A]fter removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case. Any subsequent proceedings in state court on the case are void *ab initio*." *Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1254 (11th Cir. 1998) (citations omitted). "[A]ny further proceedings in the state court [after removal has become effective] are

83212/F/1

3

considered coram non judice and will be vacated by the federal court, even if the removal subsequently is found to have been improper and the case is remanded back to that state court." Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 3d* § 3737 (1998 ed.) at 384-86; *see e.g. Yarnevic v. Brink's Inc.*, 102 F.3d 753 (4th Cir. 1996) ("A proper filing of a notice of removal immediately strips the state court of its jurisdiction"); *Sweeney v. Resolution Trust Corp.*, 16 F.3d 1 (1st Cir. 1994)(once removal filed, "'the jurisdiction of the state court 'absolutely ceased, and that of the [federal court] immediately attached' and the state court was under an obligation to 'proceed no further unless and until the case [wa]s remanded.' Consequently, the purported judgment of the state court was 'void ab initio.'") (citations omitted); *see also* 28 U.S.C. § 1451 ("The term 'State' [in the removal statutes] includes the District of Columbia.").

Despite the foregoing, the Superior Court has continued to proceed in this case after the notice of removal was perfected. In these circumstances, it is appropriate for this Court to enjoin any further proceedings in the case in the Superior Court. *See e.g. Mitchum v. Foster*, 407 U.S. 225, 234-35, n.12 (1972)(acknowledging that federal courts have the power to enjoin state court from proceeding any further once the case is removed to federal court); *Kansas Public Emp. Ret. Sys. v. Reimer & Koger*, 77 F.3d 1063, 1069 (8th Cir. 1996) (enjoining state court for asserting jurisdiction over another case that was filed in attempt to subvert removal); *Maseda*, 861 F.2d at 1255 (enjoining state court action in previously removed case). Because all of the Superior Court's actions since the July 6, 2005 removal were "void *ab initio*," *Maseda*, 861 F.2d at 1254, the injunction also should include a provision requiring the Superior Court to vacate the judgment and orders entered after removal in order to remedy the Superior Court's "attempt to subvert the purposes of the removal statute." *Reimer & Koger*, 77 F.3d at 1069.

The justification for an injunction is not diminished by the fact that Joseph has participated in post-removal proceedings in the Superior Court as a protective measure and without prejudice to the removal. Although Joseph is not obligated to continue to appear in the Superior Court where that court acts "in defiance of the removal," *Maseda*, 861 F.2d at 1255 n. 12, Joseph's appearance in the Superior Court does not waive his jurisdictional objection. *Id.*

For the foregoing reasons, the District of Columbia Superior Court should be enjoined from conducting further proceedings in the removed case.

Dated:  July 22, 2005                                Respectfully submitted,

                                                                  /s/  Raymond C. Fay
Raymond C. Fay #188649
Michael J. Schrier #444693
BELL, BOYD & LLOYD Pllc
1615 L Street N.W., Suite 1200
Washington, D.C. 20036
(202) 466-6300
(202) 463-0678 Facsimile
rfay@bellboyd.com

Attorneys for Defendant
Jerome E. Joseph

83212/F/1