## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN MARITIME OFFICERS | ) | |
| Plaintiff, | ) | |
| v. | ) | No.  05-CV-1343 (RMC) |
| JEROME E. JOSEPH | ) | |
| Defendant. | ) | |

## <u>DECLARATION OF RAYMOND C. FAY</u>

Raymond C. Fay declares as follows:

1.      I am counsel for defendant Jerome E. Joseph in this action.  I give this declaration in support of Defendant's Motion to Enjoin Superior Court Proceedings.

2.      Attached as Exhibit 1 is the complaint filed August 9, 2002 in the Superior Court of the District of Columbia in the case of *American Maritime Officers v. Jerome E. Joseph*, Civil Action No. 2002 CA 007178 B.

3.      Attached as Exhibit 2 is a copy of the July 1, 2005 amended complaint in the above case.

4.      Attached as Exhibit 3 are excerpts from the written jury instructions first provided by the Superior Court late in the afternoon on July 5, 2005 in which the Superior Court for the first time announced a "second claim" in the case based on "agency-protected, confidential information."

5.    Attached as Exhibit 4 is a copy of the July 6, 2005 Notice of Removal in this case. The notice of removal was filed electronically in the D.C. Superior Court shortly after 10:00 a.m. on July 6, 2005, and was served on the presiding judge and plaintiff's counsel at approximately 10:30 a.m. that day.

6.    Attached as Exhibit 5 is a copy of the July 7, 2005 judgment in the above case.

7.    Attached as Exhibit 6 is a copy of the July 11, 2005 letter from the undersigned to the Honorable Leonard Braman, Senior Judge, District of Columbia Superior Court.

8.    The Superior Court is continuing to conduct proceedings on injunctive relief. Attached as Exhibit 7 is a copy of the Superior Court's letter of July 15, 2005 concerning those proceedings.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Raymond C. Fay

Executed at Washington, D.C. this 22nd day of July, 2005.

# EXHIBIT 1

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

|  |  |
|---|---|
| AMERICAN MARITIME OFFICERS<br>490 L'Enfant Plaza East, S.W.<br>Suite 7208<br>Washington, D.C. 20042,<br><br>Plaintiff,<br><br>v.<br><br>JEROME E. JOSEPH<br>9426 Turnberry Drive<br>Potomac, Maryland 20854<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

RECEIVED
Civil Clerk's Office

AUG 09 2002

Superior Court of the
District of Columbia
Washington, D.C.

Civil Action No. 2 - 0 0 7 1 7 S

### VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff American Maritime Officers ("AMO") for its Verified Complaint against Defendant Jerome E. Joseph ("Joseph"), hereby complains and alleges as follows. Plaintiff brings this action for an injunction under D.C. Code § 36-402 to prevent Defendant from disclosing Plaintiff's trade secret information to one of Plaintiff's principal competitors and to recover damages for any misappropriation of such information.

1.      This Court has jurisdiction over this matter pursuant to D.C. Code Annotated Sections 11-921 and 36-402.

2.      Plaintiff is a maritime labor union headquartered in Dania Beach, Florida with an office located at 490 L'Enfant Plaza East, S.W., Suite 7204, Washington, D.C. 20024.   AMO represents and collectively bargains on behalf of licensed officers in all sectors of the U.S.-flag merchant fleet including commercial, military support and cruise



-1-

vessels, and provides assistance to AMO affiliated companies in competing for government contracts.

3.     Defendant is an individual who is a citizen and resident of Maryland, and who operates JEJ Consulting located at 1101 Connecticut Avenue, N.W., Suite 900, Washington D.C. 20036.

4.     Defendant was employed by AMO from July 1, 1967 until December 31, 2001, and served as AMO's Executive Vice President from July 1, 1989 to December 31, 2001. Defendant also served as Chairman or Secretary of AMO's jointly administered Taft-Hartley Trusts, including the AMO Pension Plan, AMO Medical Plan, AMO Vacation Plan and AMO Safety and Education Plan, for 19 years until October 2001. In his capacity as trustee, Mr. Joseph had access to all of AMO's internal documents including competitively sensitive information regarding the funding of AMO's benefit plans, the wages and benefits paid to AMO's members, labor costs and negotiating capabilities.

5.     Upon information and belief, Mr. Joseph has provided and continues to provide consulting services to District No. 1 of the National Maritime Engineers' Beneficial Association ("MEBA1") located at 444 North Capital Street, Suite 800, Washington, D.C. Like AMO, MEBA1 is a maritime labor union that provides licensed deck and engineering officers to its affiliated companies and provides those companies with assistance in competing for Federal contracts.

6.     MEBA1 and AMO are two of only three maritime unions that compete to provide licensed officers for various government ship management companies. In addition, AMO-affiliated companies and MEBA1-affiliated companies frequently compete against each other based in large part upon the employment and benefits terms and conditions provided by AMO and MEBA1 to their respective affiliated companies.

7.     Upon information and belief, the acts sought to be enjoined have occurred or will occur at or through JEJ Consulting and MEBA1's Washington, D.C. offices.

8.     By virtue of his position and many years of service at AMO, Defendant possesses a vast amount of confidential AMO trade secret information that has great competitive significance.

9.     Defendant obtained AMO's trade secret information under circumstances giving rise to a duty to maintain its secrecy and to limit its use only for AMO's benefit. Defendant knows the confidential AMO trade secret information he possesses is proprietary to AMO.

10.     AMO seeks to prevent disclosure by Defendant of AMO's confidential trade secret information. Given Defendant's encyclopedic knowledge of AMO's operations and bargaining position, there is a direct and immediate threat that Defendant will misappropriate AMO trade secret information through his work and consulting activities with MEBA1 during and in preparation for the upcoming bids for ship management contracts.

11.     This Court has equitable powers, including the power to enter preliminary and permanent injunctions.

12.     There is substantial likelihood that AMO will succeed on the merits of this matter.

13.     Disclosure of AMO's confidential trade secret information to MEBA1 would give MEBA1 a significant and unfair competitive advantage over AMO and severely impair AMO's ability to compete effectively, thereby causing immediate and irreparable harm to AMO and its members.

14.     Any harm that might be suffered by Defendant as a result of injunctive relief entered in favor of AMO is minimal and would be greatly outweighed by the potential harm AMO and its members will suffer if Defendant is permitted to disclose AMO's confidential trade secret information to MEBA1.

15.     The public interest heavily favors the issuance of injunctive relief due to the strong public interests in ensuring fair competition for government contract awards, in

preventing unethical business practices, and in encouraging trust between employers and employees.

16.    AMO also seeks damages in an amount to be determined at trial for any disclosure of information by Mr. Joseph to MEBA1 that already may have occurred or that may occur following the filing of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, AMO prays for the following relief:

1.    That this Court enter a preliminary injunction and permanent injunction against Defendant to prevent him from providing any consulting services to MEBA1.

2.    That this Court award money damages in an amount to be determined for any disclosure, including exemplary damages for any willful misappropriation of AMO's confidential business information by the Defendant to MEBA1, that has occurred or may occur after the filing of this Complaint.

3.    That the Court award AMO attorney fees and the costs of this suit, and all other and further relief as is just and equitable.

Respectfully submitted,

Edward P. Henneberry (D.C. Bar No. 224162)
Stephen Weissman (D.C. Bar No. 451063)
Hugh B. Stuart (D.C. Bar No. 431876)
HOWREY SIMON ARNOLD & WHITE LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 783-0800

Attorneys for Plaintiff
AMERICAN MARITIME OFFICERS

Dated: August 9, 2002

-4-

CITY OF WASHINGTON        )

                                      )    SS.

DISTRICT OF COLUMBIA     )

## VERIFICATION

I, Thomas J. Bethel, as National Executive Vice President, American Maritime Officers declare under penalty of perjury that the statements made in the foregoing Verified Complaint for Injunctive Relief are true and correct to the best of my knowledge.

_Thomas J. Bethel_
Thomas J. Bethel
American Maritime Officers

SUBSCRIBED AND SWORN TO

Before me this _8th_ day of August, 2002

_____
Notary Public

My Commission Expires: _____

NOTARIAL SEAL
GREGORY C. OTT, Notary Public
City of Philadelphia, Phila. County
My Commission Expires Nov. 6, 2003

# EXHIBIT 2

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| AMERICAN MARITIME OFFICERS<br>490 L'Enfant Plaza East, S.W.<br>Suite 7208<br>Washington, D.C. 20042,<br><br>          Plaintiff,<br><br>     v.<br><br>JEROME E. JOSEPH<br>9426 Turnberry Drive<br>Potomac, Maryland 20854<br><br>          Defendant. | No. 2002-CA-007178B<br>Calendar 4 - Civil<br>Senior Judge Leonard Braman |

## AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Pursuant to the Court's Order of June 27, 2005, Plaintiff American Maritime Officers ("AMO") amends its original complaint to plead that it is proceeding in a representational capacity on behalf of its members (as well as on its own behalf) as to the damages clause against Defendants. For its Amended Complaint against Defendant Jerome E. Joseph ("Joseph"), hereby complains and alleges as follows. Plaintiff brings this action for an injunction under D.C. Code § 36-402 to prevent Defendant from disclosing Plaintiff's trade secret information to one of Plaintiff's principal competitors and to recover damages for itself or, alternatively, on behalf of its members, for any misappropriation of such information.

1.    This Court has jurisdiction over this matter pursuant to D.C. Code Annotated Sections 11-921 and 36-402.

2.    Plaintiff is a maritime labor union headquartered in Dania Beach, Florida with an office located at 490 L'Enfant Plaza East, S.W., Suite 7204, Washington, D.C.



20024. AMO represents and collectively bargains on behalf of licensed officers in all sectors of the U.S.-flag merchant fleet including commercial, military support and cruise vessels, and provides assistance to AMO affiliated companies in competing for government contracts. This action is brought in a representational capacity by AMO on behalf of its members, and seeks both injunctive relief and damages for its members, as well as such relief on its own behalf.

3.    Defendant is an individual who is a citizen and resident of Maryland, and who operates JEJ Consulting located at 1101 Connecticut Avenue, N.W., Suite 900, Washington D.C. 20036.

4.    Defendant was employed by AMO from July 1, 1967 until December 31, 2001, and served as AMO's Executive Vice President from July 1, 1989 to December 31, 2001. Defendant also served as Chairman or Secretary of AMO's jointly administered Taft-Hartley Trusts, including the AMO Pension Plan, AMO Medical Plan, AMO Vacation Plan and AMO Safety and Education Plan, for 19 years until October 2001. In his capacity as trustee, Mr. Joseph had access to all of AMO's internal documents including competitively sensitive information regarding the funding of AMO's benefit plans, the wages and benefits paid to AMO's members, labor costs and negotiating capabilities.

5.    Upon information and belief, Mr. Joseph has provided and/or continues to provide consulting services to District No. 1 of the National Maritime Engineers' Beneficial Association ("MEBA1") located at 444 North Capital Street, Suite 800, Washington, D.C. Like AMO, MEBA1 is a maritime labor union that provides licensed deck and engineering officers to its affiliated companies and provides those companies with assistance in competing for Federal contracts.

6.    MEBA1 and AMO are two of only three maritime unions that compete to provide licensed officers for various government ship management companies. In addition, AMO-affiliated companies and MEBA1-affiliated companies frequently

compete against each other based in large part upon the employment and benefits terms and conditions provided by AMO and MEBA1 to their respective affiliated companies.

7.    Upon information and belief, the acts sought to be enjoined have occurred or will occur at or through JEJ Consulting and MEBA1's Washington, D.C. offices.

8.    By virtue of his position and many years of service at AMO, Defendant possesses a vast amount of confidential AMO trade secret information that has great competitive significance.

9.    Defendant obtained AMO's trade secret information under circumstances giving rise to a duty to maintain its secrecy and to limit its use only for AMO's benefit. Defendant knows the confidential AMO trade secret information he possesses is proprietary to AMO.

10.    AMO seeks to prevent disclosure by Defendant of AMO's confidential trade secret information. Given Defendant's encyclopedic knowledge of AMO's operations and bargaining position, there is a direct and immediate threat that Defendant will misappropriate AMO trade secret information through his work and consulting activities with MEBA1 during and in preparation for the upcoming bids for ship management contracts. In addition, AMO seeks damages on behalf of its members as a result of losses in wages and benefits caused by Defendant's misappropriations to date.

11.    This Court has equitable powers, including the power to enter preliminary and permanent injunctions.

12.    There is substantial likelihood that AMO will succeed on the merits of this matter.

13.    Disclosure of AMO's confidential trade secret information to MEBA1 would give MEBA1 a significant and unfair competitive advantage over AMO and severely impair AMO's ability to compete effectively, thereby causing immediate and irreparable harm to AMO and its members, as well as damages to AMO and/or its members.

- 3 -

14.    Any harm that might be suffered by Defendant as a result of injunctive relief entered in favor of AMO is minimal and would be greatly outweighed by the potential harm AMO and its members will suffer if Defendant is permitted to disclose AMO's confidential trade secret information to MEBA1.

15.    The public interest heavily favors the issuance of injunctive relief due to the strong public interests in ensuring fair competition for government contract awards, in preventing unethical business practices, and in encouraging trust between employers and employees.

16.    AMO also seeks damages in an amount to be determined at trial for any disclosure of information by Mr. Joseph to MEBA1 that already may have occurred or that may occur following the filing of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, AMO prays for the following relief:

1.    That this Court enter a preliminary injunction and permanent injunction against Defendant to prevent him from providing any consulting services to MEBA1.

2.    That this Court award money damages in an amount to be determined for any disclosure, including exemplary damages for any willful misappropriation of AMO's confidential business information by the Defendant to MEBA1, that has occurred or may occur after the filing of this Complaint.

3.     That the Court award AMO attorney fees and the costs of this suit, and all other and further relief as is just and equitable.

Respectfully submitted,


_____ /s/Stephen Weissman _____
James F. Hibey (D.C. Bar No. 203216)
Stephen Weissman (D.C. Bar No. 451063)
Hugh B. Stuart (D.C. Bar No. 431876)
HOWREY SIMON ARNOLD & WHITE LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 783-0800

Attorneys for Plaintiff
Dated: July 1, 2005                    AMERICAN MARITIME OFFICERS

# EXHIBIT 3

## <u>Trade Secret – Combination of Elements</u>

A trade secret can exist as a combination of components notwithstanding that most or all of the components are in the public domain. The test is whether, taken together, the combination is novel and affords a competitive advantage to the business. However, the mere reconfiguration of known components will not constitute a trade secret where the combination is readily ascertainable from those component parts that are in the public domain.

That concludes my instructions on trade secrets. I shall now instruct you on the second claim that AMO asserts in support of its position that this information was protected, that is that the information was agency – protected, confidential information.

39



ALL-STATE LEGAL®    EXHIBIT

3

## Agency - Duty As To Confidential Information After Termination

It is conceded and you are instructed that Mr. Joseph, while he was the executive vice president of AMO and the principal trustee of the benefit plans of the union, was in contemplation of the law both an agent and trustee for AMO and its members who were his principals and beneficiaries. An agent and trustee both serve in a fiduciary capacity. They owe a duty, which requires them to act honorably and in good faith. Under federal law, union officers occupy fiduciary relationships to their union and its members. I will instruct you first on the duties of an agent after termination of the agency. After that, I will instruct you on the duties of a trustee after his resignation.

You are instructed that, after the termination of an agency, an agent nevertheless continues to owe certain duties to his principal. One of the agent's duties is not to use or disclose to competitors the principal's confidential, written information dealing with processes or compilations or other similar confidential matters that the principal kept secret and which enable the principal to enjoy a competitive advantage in its line of business. This duty applies even though there is no contract between the agent and principal prohibiting disclosure or use of such confidential information.

40

## Agency – Difference Between Trade Secret and Agency-Protected Confidential Information

If the confidential information meets the definition I have just given you, it is protected against use or disclosure by the former agent even though that confidential information does not qualify for protection as a trade secret. This is because this rule of law looks more to the injury to the fiduciary relationship of principal and agent than to the loss of the information to establish the liability of the former agent. A trade secret, on the other hand, is protected against misappropriation at the hands of anyone, even if the wrongdoer is a stranger to the owner of the trade secret.

## <u>Agency – Trustee's Duties After Termination of Trust</u>

I will now instruct you on the relevant duties of a trustee. Mr. Joseph, apart from being AMO's executive vice president, was another kind of agent. He was also the lead trustee for the fringe benefit trusts and plans of AMO's members who were the beneficiaries. Although his resignation included the trusts, he nevertheless remained subject to a duty owed to the trusts beneficiaries not to take advantage of the beneficiaries by the use of information acquired by him as trustee or vice president, or to disclose to a third person information which he had acquired as trustee when he knew or should have known that the effect of such disclosure would be detrimental to the interests of the beneficiaries.

# EXHIBIT 4

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMERICAN MARITIME OFFICERS )
490 L'Enfant Plaza East, S.W. )
Suite 7208
Washington, DC 20042

          **Plaintiff,**

     **v.**

JEROME E. JOSEPH )
9426 Turnberry Drive )
Potomac, MD 20854 )
           )
          **Defendant.** )
           )

CASE NUMBER  1:05CV01343

JUDGE: Rosemary M. Collyer

DECK TYPE: Labor/ERISA (non-employment)

DATE STAMP: 07/06/2005

## NOTICE OF REMOVAL

Petitioner, JEROME E. JOSEPH, by its undersigned counsel and pursuant to 28 U.S.C. § 1441(b), respectfully submits this notice of removal. In support of this notice of removal, petitioner states as follows:

1.    Petitioner is the defendant in the above captioned case.

2.    On August 9, 2002, the above captioned civil action was commenced against Petitioner in the Superior Court for the District of Columbia (Case No. 2002 CA 007178 B) and is now pending therein.

3.    Petitioner was timely served with a summons, complaint, and initial order in the captioned action.

4.    A jury trial on this matter commenced on June 28, 2005. On July 1, 2005, the plaintiff amended its complaint for misappropriation of a trade secret under the District of



EXHIBIT
4

Columbia Uniform Trade Secrets Act ("UTSA"), D.C. Code Ann. § 36-401 through 36-410, the only claim asserted in its original complaint.

5.      On July 5, 2005, Superior Court Senior Judge Leonard Braman, *sua sponte*, amended the claims in this case by adding a breach of fiduciary duty claim to the existing UTSA claim in this case. The court did so in jury instructions announced late in the afternoon of July 5, 2005, ordering the inclusion of the new claim. Senior Judge Braman's order created a breach of fiduciary action against Petitioner based on his role as a trustee of several ERISA pension and welfare plans, an action which must be asserted under, and is completely preempted by, ERISA, 29 U.S.C. §§ 1101-1115, 1132. The new fiduciary duty claim is also completely preempted by operation of the Labor Management Relations Act ["LMRA"], 29 U.S.C. § 185. The new breach of fiduciary duty claim is also based, at least in part, upon the Labor Management Reporting and Disclosure Act (29 U.S.C. §§ 501-502).

6.      Because the plaintiff's complaint now alleges claims that are completely preempted by, or based on a violation of, federal law, this Court has original federal question jurisdiction over the ERISA and LMRA preempted claims, as well as the LMRDA-based claims, pursuant to 28 U.S.C. § 1331, and the entire action may therefore be removed to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1441(c).

7.      True and legible copies of the summons, complaint, the July 1, 2005 amended complaint, and portions of Senior Judge Leonard Braman's July 5, 2005 jury instructions setting forth the new claim are attached hereto as Exhibits 1 through 3.

8.      This Notice of Removal has been filed with this Court within 30 days after Petitioner was served with a copy of Senior Judge Braman's order adding the federal causes of action to this case. Therefore, this notice of removal is timely. *See* 28 U.S.C. § 1446(b).

9.     This Court is the United States District Court for the district and division embracing the place where the state court action is pending and therefore is the appropriate Court for removal.

10.     A copy of this Notice of Removal is being served concurrently upon plaintiff and filed with the Clerk of the Superior Court for the District of Columbia.

WHEREFORE, Petitioner prays that the captioned action be removed from the Superior Court for the District of Columbia to this Court.

Dated:  July 6, 2005

Respectfully submitted,

JEROME E. JOSEPH

By: _____
Raymond C. Fay #188649
Michael J. Schrier #444693
BELL, BOYD & LLOYD PLLC
1615 L Street N.W., Suite 1200
Washington, D.C. 20036
(202) 466-6300

Attorneys for Defendant.

## CERTIFICATE OF SERVICE

I, Michael J. Schrier, hereby certify that a copy of the foregoing NOTICE OF

REMOVAL with exhibits, and NOTICE OF FILING NOTICE OF REMOVAL were served, this

6th day of July 2005, in the following manner:

### Via hand delivery

James F. Hibey, Esq.
Stephen Weissman, Esq.
Hugh B. Stuart, Esq.
Howrey Simon Arnold & White LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Clerk of the Court
Superior Court of the District of Columbia
H. Carl Moultrie I Courthouse
500 Indiana Avenue NW
Room JM-170
Washington, DC 20001

Michael J. Schrier

# EXHIBIT 5

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

AMERICAN MARITIME OFFICERS

*Plaintiff*

vs

JEROME JOSEPH

*Defendant*

**FILED IN OPEN COURT**

JUL 0 7 2005

Superior Court
of The District of Columbia
Washington, D.C.

Case No. 2002 CA 007178 B

BRAMAN, LEONARD

Judge

## JUDGMENT

This action came for Trial Resumed

before the Honorable BRAMAN, LEONARD          Superior Court Judge, presiding and

- [ ] proof having been duly presented
- [x] the jury having rendered its verdict
- [ ] the judge having rendered a decision
- [ ] a Motion for Judgment as a matter of law having been granted

It is on this date July 7, 2005

### ORDERED

That judgment be entered in favor of: AMERICAN MARITIME OFFICERS

and against JOSEPH, JEROME

in the amount of    $8,486,381.46, (with interest), thereon at the statutory rate and their costs of action.

Duane B. Delaney
Clerk of the Court

Norman Barrett, Courtroom Clerk



Docketed 7-7-05
Mailed 7-7-05

EXHIBIT
5
ALL-STATE LEGAL®



Case: 2002 CA 007178 B

Cajo-1.doc
7/7/2005

cc

Mr JAMES F HIBEY
HOWREY SIMON ARNOLD & WHITE
1299 PENNSYLVANIA AVE NW
Washington, DC  20004

Mr RAYMOND C FAY
BELL, BOYD & LLOYD
1615 L STREET NW #1200
Washington, DC  20036

# EXHIBIT 6

# BELL, BOYD & LLOYD PLLC

1615 L STREET N.W., SUITE 1200
WASHINGTON, D.C. 20036-5610
202.466.6300  FAX 202.463.0678

OFFICES IN WASHINGTON, D.C.
AND CHICAGO

RAYMOND C. FAY
202.955.6824
rfay@bellboyd.com
DIRECT FAX: 202.835.4119

July 11, 2005

The Honorable Leonard Braman
Senior Judge, District of Columbia Superior Court
500 Indiana Avenue, NW, Room 3440
Washington, D.C.  20001

Re:    *American Maritime Officers v. Jerome E. Joseph,*
       Civil Action No. 2002-CA-007178 B

Dear Judge Braman:

I am writing concerning the Court's lack of jurisdiction to proceed in this case, by operation of 28 U.S.C. § 1446(d).  On July 6, 2005 at about 10:30 a.m. and in open court, defendant served a copy of a notice of a removal in this case on counsel for plaintiff and on the Court (after having already filed such papers electronically at 10:07 a.m. the same day).  Upon the serving of copies of the notice of removal on the plaintiff and the clerk of this Court, removal of the entire case to federal court becomes effective "and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).  "[A]fter removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case.  Any subsequent proceedings in state court on the case are void *ab initio.*" *Maseda v. Honda Motor Co., Ltd.,* 861 F.2d 1248, 1254 (11th Cir. 1998) (citations omitted). "[A]ny further proceedings in the state court [after removal has become effective] are considered coram non judice and will be vacated by the federal court, even if the removal subsequently is found to have been improper and the case is remanded back to that state court." Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 3d* § 3737 (1998 ed.) at 384-86; *see e.g. Yarnevic v. Brink's Inc.,* 102 F.3d 753 (4th Cir. 1996) ("A proper filing of a notice of removal immediately strips the state court of its jurisdiction"); *Sweeney v. Resolution Trust Corp.,* 16 F.3d 1 (1st Cir. 1994) (once removal filed, "'the jurisdiction of the state court 'absolutely ceased, and that of the [federal court] immediately attached' and the state court was under an obligation to 'proceed no further unless and until the case [wa]s remanded.' Consequently, the purported judgment of the state court was 'void ab initio.'") (citations omitted); *see also* 28 U.S.C. § 1451 ("The term 'State' [in the removal statutes] includes the District of Columbia.").

Despite the foregoing, this Court has continued to proceed in this case after the notice of removal was filed.  The Court ordered closing arguments to continue (July 6th after 10:30 a.m.), and permitted the jury to deliberate (July 6 through July 7) and reach a verdict (July 7, 2005).

EXHIBIT

6

ALL-STATE LEGAL®

The Honorable Leonard Braman
July 11, 2005
Page 2


The Court now has scheduled a July 14, 2005 status conference to discuss injunctive relief requested by the plaintiff.  Inasmuch as the Court is without jurisdiction to conduct any further proceedings in this case, defendant requests the Court to vacate the July 14, 2005 hearing date and conduct no further proceedings in the removed case.

Sincerely,

Raymond C. Fay

RCF:dvm
Enclosures
Copy to:    James F. Hibey, Esq.

82954/F/1

# EXHIBIT 7

# Superior Court of the District of Columbia
## Washington, D. C. 20001

Chambers of
Leonard Braman
Senior Judge

July 15, 2005

James F. Hibey, Esquire
Stephen Weissman, Esquire
Bell, Boyd & Lloyd PLLC
1615 L Street, NW, suite 1200
Washington, DC 20036

Raymond C. Fay, Esquire
Michael J. Schrier, Esquire
Howrey Simon Arnold & White, LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

Re: American Maritime Officers v. Joseph

Dear Counsel:

Since yesterday's status hearing when we set a briefing schedule on the injunction but deferred scheduling of the submission of findings and conclusions pending information on the time it would take to get a transcript, I have given further consideration as to whether such a postponement is justified in the light of *Washington Healthcare Corp.* v. *Barrow*, 531 A. 2d 226 (D.C. App. 1987). There, while the lower court failed to make any findings on equitable claims for contribution and indemnification in a medical malpractice trial, the Court of Appeals stated:

> In the event that the jury findings [on the plaintiff's claim] dispose of all the contested issues of fact that govern the outcome of the non-jury phases of the case, the trial court need only state its conclusions of law.

*Id.* at 230.

The question arises whether we should deal with the matter of injunctive findings of fact in this manner. I suggest that Mr. Hibey arrange a conference call on Tuesday, July 19th at 10 a.m. so that we may settle this matter.

Sincerely,



Leonard Braman
Senior Judge

DOCKETED in Chambers    JUL 18 2005

EXHIBIT

ALL-STATE LEGAL®

7

